**Calvin VAUSS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 19484.**

United States Court of Appeals District of Columbia Circuit.

Dated July 26, 1966.

Mr. Hal Witt, Washington, D. C. (appointed by this court), filed pleadings for appellant.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Theodore Wieseman, Asst. U. S. Attys., filed pleadings for appellee.

Before BAZELON, Chief Judge, and BURGER and LEVENTHAL, Circuit Judges, in Chambers.

### ORDER

#### PER CURIAM.

On consideration of appellant's motion for bail pending appeal, of appellee's opposition thereto, of appellant's supplement to the motion for bail, and of appellee's opposition to the supplement to the motion for bail, it is

Ordered by the court that the aforesaid motion is denied.

Dated: July 26, 1966

BAZELON, Chief Judge:

Our indigent appellant was convicted of the purchase and sale of heroin, in violation of 26 U.S.C. § 4704(a) and 21 U.S.C. § 174. Bail pending appeal was denied by the District Court with the notation that the "appeal is frivolous and defendant's release would be a menace to society." The issue of appellant's release on bail is now before this court.

Appellant's points on appeal, as summarized in his motion, show that the appeal is not frivolous. The only question here is whether the safety of the community would be jeopardized by appellant's release on bond. Rule 33(f), General Rules of the United States Court of Appeals for the District of Columbia Circuit.

Appellant has a record of convictions for narcotics offenses and crimes frequently committed by addicts seeking funds for narcotics. The District Court did not consider whether this potential danger to the community may be sufficiently obviated or minimized by imposing conditions for release, such as supervision, employment, or medical treatment directed toward offsetting the narcotics problem.

Full inquiry into the availability of such conditions as a basis for alternatives to confinement is essential to proper administration of bail and to avoid needless deprivation of liberty which may be destructive to the applicant's job and family ties. Congress recognized in the Bail Reform Act of 1966 that detention pending appeal is justifiable only if "the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community." [1] While the new Act is not yet effective,[2] the fundamental principles on which it is grounded require no less.[3]

Without assistance, the indigent applicant cannot present information concerning release conditions. In a somewhat similar context we said, "The court's duty to explore alternatives * * * is related also to the obligation of the state to bear the burden of exploration of possible alternatives an indigent cannot bear." Lake v. Cameron, C.A.D.C., 364 F.2d 657, May 19, 1966, (en banc). Where "the government knows or has the means of knowing * * * [it] should * * * assist the court in acquiring such information." Lake v. Cameron *supra*. It may also be the role of defense counsel to seek such information. At all events the District Court must not allow its need for information for an informed judgment to be lost in the cracks between the roles of the adversaries.

Ordinarily we should remand to the District Court when it fails to make

---

1. Bail Reform Act of 1966, P.L. 89-465, Approved June 22, 1966, § 3(a) [new 18 U.S.C. § 3148].

2. The Act is to become effective ninety days after its enactment. Bail Reform Act, § 6.

3. The Act states that its purpose is "to assure that all persons, regardless of their financial status, shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice nor the public interest." Bail Reform Act § 2.

the necessary inquiry. But here, in order to avoid the delay of remand, we directed counsel to obtain a report from the District of Columbia Bail project indicating

> whether or not there is any facility within the District of Columbia which facility could periodically supervise the appellant on an out-patient basis at least two or three days a week with respect to his addiction, which facility in the event of his release on bail, would be willing to report to this court should the supervision treatment program fail for any reason whatever or otherwise prove infeasible.

Pursuant to this direction, counsel obtained and filed a report from the Bail Project. The report stated that the Community Mental Health Center would accept appellant on an out-patient basis and would assume responsibility for reporting to this court should the supervision-treatment program fail or prove infeasible.[4] Counsel also filed the agreement of a minister to hold three weekly conferences with appellant and that of a community worker to supervise appellant at least twice a week; and a statement from the Chief of Alcoholism and Drug Addiction for the Community Mental Health Center stating that the Center could provide only out-patient treatment consisting of medications such as tranquilizers and one hour per week of group psychotherapy. "There would be no guarantee that such a patient would be seen by a physician capable of judging narcotics ingestion at frequent intervals."

Absent the possibility of frequent medical supervision, we have insufficient assurance that appellant, if released, would not return to the use of drugs and the commission of the kinds of offenses which he has committed in the past. The promised lay supervision provides no adequate substitute.

Unfortunately, there appears to be no suitable treatment program available to narcotics addicts in the District of Columbia. This appears from a letter to appellant's counsel from Bertram L. Keys, Jr., Director of Community Relations and Services for the District of Columbia Legal Aid Agency:

> As to the availability of a decent, comprehensive treatment program for narcotics addicts in the District of Columbia, I can only say there is no such program in our nation's capital. This fact is even more startling when one realizes that Washington, D. C., has the fifth highest known active number of narcotics addicts when compared with other American cities. Statistics in 1964 pointed to the known existence of 1,076 addicts in our fair city. A small percentage of these (15–20%) have a history of treatment for their addiction.

Mr. Keys referred to two "honest but feeble, inadequate attempts at treating narcotics addicts in Washington." Neither of these provides any suitable prospect for appellant if released.

■ In view of the absence of a suitable program of supervision or treatment on the present record, the threat of danger to the community requires that we deny appellant's motion. If no such program is available now or in the reasonable future, we would have to consider the extent, if any, to which the fair administration of criminal justice and the purposes of the Bail Reform Act are adversely affected.

LEVENTHAL, Circuit Judge:

I agree with Judge Bazelon in large part. It is not needful at this time to define and refine my reservations. I may

---

4. After counsel filed the Bail Project Report with this court he was informed by the Chief of Alcoholism and Drug Addiction for the Community Mental Health Center that appellant would not be eligible for out-patient treatment because he did not live in "area C," the only area served by the Center. But the matter was further reviewed by the Center at counsel's request and it was agreed that appellant would be accepted in the program if released.

say, however, that I do not consider the obligation of a judge on bail application to be the same as his duty under Lake v. Cameron, prior to a commitment of an individual not accused of crime.

BURGER, Circuit Judge, concurs in the result.