**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**CHARLES CALLWOOD, Defendant**

No. 19-1969

District Court of the Virgin Islands

Div. of St. Thomas and St. John

March 18, 1969

VINCENT A. COLIANNI, Assistant United States Attorney, *for plaintiff*

CROXTON WILLIAMS, ESQ., *for defendant*

HIGGINBOTHAM, JR., *\*Judge*

---

\* Sitting by designation.

## MEMORANDUM ORDER

On March 5, 1969, following trial to a jury, the defendant in the above-captioned criminal action was convicted of robbery. On March 6, 1969, the defendant was sentenced by the Court to ten (10) years imprisonment.

The defendant has now, through Croxton Williams, Esquire, acting as friend to the Defendant and to the Court, filed a motion for release on bail pending the appeal of his conviction to the Third Circuit Court of Appeals. For the reasons stated below, the motion is DENIED.

██ ██ It is settled beyond question that the granting or denial of bail pending appeal is discretionary with the courts, although Rule 46(a)(2), Fed. R. Crim. P., recent appellate decisions and the Bail Reform Act of 1966, 80 Stat. 214, 215, 18 U.S.C.A. §§ 3146, 3148, make it clear that that discretion should normally be exercised in favor of granting bail pending review of a conviction where the appeal is not frivolous or taken for purposes of delay. Rehman v. State of California, 85 S.Ct. 8, 13 L.Ed. 17; Sica v. United States, 82 S.Ct. 669, 7 L.Ed.2d 778; Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769; Vauss v. United States, 365 F.2d 956, 125 U.S. App., D.C. 23 (D.C. Cir. 1966); Hansford v. United States, 353 F.2d 858 (D.C. Cir. 1965). Nonetheless, these and other cases and the Act also make it clear that it is proper to deny bail even if—as here—the appeal is not frivolous or taken for purposes of delay if the court has reason to believe that no one or more conditions of release on bail will reasonably assure that a prisoner released on bail pending appeal will not flee or pose any danger to other persons or to the community. Vauss v. United States, supra; United States v. Ursini, 276 F.Supp. 993 (D.C., D. of Conn., 1967); United States v. Galante, 308 F.2d 63 (2d Cir. 1962), 80 Stat. 215, 18 U.S.C.A. § 3148.

██ The provisions of the Bail Reform Act governing release pending trial are made applicable to release of a defendant pending appeal by 18 U.S.C.A. § 3148. Those provisions impose conditions such as release into the custody of another person or organization, restrictions on travel and association, execution of appearance bond or the standard surety bond, a combination of these conditions, or "any other condition deemed reasonably necessary to assure appearance as required."

██ I am of the opinion that none of the conditions of release proposed by § 6 of the Bail Reform Act (18 U.S.C.A. § 3146) are appropriate in the case; and since the Court of Appeals has the ultimate responsibility for decision on a motion for bail pending appeal I feel it appropriate to give them the benefit of my observations of this particular case.

The factors I consider most relevant in making my determination to deny bail, based on the record at trial and the pre-sentence report prepared by the Probation Office of the District Court of the Virgin Islands, are the following:

(1) The defendant is not a resident of St. Thomas or any of the other United States territories; he is a resident alien from Tortola, British West Indies; and due to the ease of travel between the islands and the difficulties involved in formal extradition, were he to flee the problems involved in obtaining his return could be considerable.

(2) There is a substantial sentence facing the defendant if he does not prevail on appeal, thereby providing considerable incentive to flee. Further, I find that there is a substantial probability under the facts of this case that the defendant would flee the jurisdiction.

(3) The present offense was committed while the defendant was on probation following conviction in April

1968, of a similar strong-arm robbery. This factor poses a likelihood of harm to the community if the defendant is allowed to remain at large.

For the foregoing reasons the motion for release from custody hereby is DENIED.