**UNITED STATES of America, Plaintiff,**

v.

**George LOUIE, Defendant.**

**No. 41773.**

United States District Court
N. D. California.

July 31, 1968.

---

---

Benj. M. Davis, San Francisco, Cal., for defendant.

Cecil F. Poole, U. S. Atty., John J. Bartko, Asst. U. S. Atty., San Francisco, Cal., for plaintiff.

## ORDER DENYING APPLICATION FOR BAIL PENDING APPEAL

ZIRPOLI, District Judge.

Defendant, George Louie, was convicted after a jury trial pursuant to a five count indictment in Crim.No. 41773, wherein he was named as defendant in counts 1, 2 and 5. The defendant was charged in counts 1 and 2 with violations of 18 U.S.C. § 2314 (interstate transportation of forged securities) and in count 5 with a violation of 18 U.S.C. § 371 (conspiracy to violate 18 U.S.C. § 2314). On May 3, 1968, defendant filed a notice of appeal. On July 25, 1968, defendant appeared with an attorney for the purpose of making a motion for bail pending appeal. Defendant stated that he wished to seek employment, possibly in the advertising or printing trade and indicated that he had had prior experience in the latter.

For the following reasons, see Fed.R. App. P. 9(b), the motion must be denied.

The applicable statute, 18 U.S.C. § 3148 (enacted June 22, 1966, as part of the Bail Reform Act of 1966), provides:

> A person * * * who has been convicted of an offense and * * *
> has filed an appeal * * * shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not * * * pose a danger to any other person or to the community. If such a risk of * * * danger is believed to exist * * * the person may be ordered detained. * * *

The impact of section 3146 is that bail is to be granted in an amount reasonably calculated to assure the defendant's subsequent appearance. Section 3146 does not by its terms allow a court to deny bail because a defendant may engage in criminal conduct. Concerning section 3148, the Senate Report on the Bail Reform Act of 1966 stated:

> This section treats * * * convicted persons differently from persons accused of noncapital offenses. This section accordingly provides that such persons are presumptively to be released under section 3146, but may be ordered detained if the circumstances indicate that release would not be advisable. Since there is no absolute right to bail * * * in the cases of convicted persons, the courts are empowered to elect to detain defendants in such cases. 2 U.S.Code Cong. & Adm.News, 89th Cong., 2d Sess., p. 2305.

The court finds that to release George Louie pending appeal would pose a danger both to other persons and to the community.

Having had the benefit of hearing the evidence adduced at the trial of this case, the court notes: (1) Alice Varnum testified that the defendant threatened her and her family with physical harm and on one occasion cut her telephone cord to prevent her from calling for help; (2) Judith Cooke and her husband, Michael, were threatened with physical harm if they testified at his trial in this case and George Louie pointed out an armed man could have inflicted the harm to the Cookes, which man

and the defendant were observed in Nevada attempting to purchase a shoulder holster. (3) George Louie himself testified and admitted threatening Michael Cooke with physical harm if the latter did not promptly pay part of an alleged outstanding debt due to the defendant. At the hearing on the motion for bail, George Louie did not deny any of the above but merely said that he sometimes "exaggerates". The court also notes the hostile and belligerent attitude displayed by the defendant throughout his trial and at court appearances other than that of July 25, 1968. The release of George Louie on bail pending appeal would pose a danger to persons.

■ The court construes the "danger to * * * the community" provision in section 3148 to permit consideration of the defendant's propensity to commit crime generally even where only pecuniary, and not physical, harm might result to the community at large. Judge Carter of this court has rejected a construction of section 3148 which would limit the right to bail only if violent crime was threatened, United States v. Erwing, 268 F.Supp. 877 (N.D.Cal.1967). Similarly, nothing in the history of section 3148 suggests that only that crime which threatens the physical safety of the community may be a basis for denying bail. By defendant's own admission, six or seven criminal proceedings are pending against him in the California courts and in this court. With reference to defendant's other pending federal case (Crim.No.41948, N.D.Cal.), the court notes that in a hearing before Judge Sweigert on July 23, 1968, the defendant again engaged in the same dilatory tactic he attempted to employ in the instant case (No.41773), namely, an attempted discharge of his appointed counsel for no good cause. Defendant informed this court on one occasion that he had retained new counsel when in fact no such arrangement had been made. Furthermore, defendant concedes that he has operated as a confidence man consistently over a period of years. At his trial, the defendant denied any knowledge of printing, yet now claims he would like to seek employment possibly in that trade. The statements of defendant are simply not credible. The court finds that the release of George Louie on bail pending appeal would pose a danger to the community as that phrase is used in 18 U.S.C. § 3148.

Accordingly,

It is ordered that the motion for bail pending appeal is denied.