UNITED STATES of America, Plaintiff,

v.

Terrence J. KARMANN, Defendant.

No. CR 79-43-AAH.

United States District Court,
C. D. California.

June 8, 1979.

Andrea Sheridan Ordin, U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Eric L. Dobberteen, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff.

Terrence J. Karmann, in pro. per.

Richard D. Burda, Rudolph A. Diaz, Deputy Federal Public Defenders, Los Angeles, Cal., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER RE DENIAL OF RELEASE PENDING APPEAL

HAUK, District Judge.

The defendant, in propria persona, having made an appropriate application for release after a judgment of conviction, and the Court having refused to release the defendant pending appeal, the Court now states in writing the reasons for this action in accordance with Rule 9(c) Federal Rules of Appellate Procedure. These findings of fact and conclusions of law are based on the records and files of this case, and the pleadings herein, including the facts of this case, and oral argument at the time of sentencing. The Court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

#### I

The defendant has engaged in a consistent and continuing course of conduct, deliberately, intelligently, and without equivocation, in defiance of the laws constitutionally enacted by the Congress of the United States, to wit, the Internal Revenue Code, as amended to date, 26 U.S.C., § 1, *et seq.* In this regard, the defendant has been convicted by a jury of two violations of 26 U.S.C. § 7203 and one violation of 26 U.S.C. § 7205.

#### II

The defendant has deliberately, intelligently, and knowingly engaged in the filing of false W4(E) certificates, not only those with which he was charged and convicted in Count Two of the Indictment, but also, in the opinion of this Court, for the calendar

years 1978 and 1979 in that he submitted false information to his employer, the Times Mirror Company in Los Angeles, wherein he certified and has certified each time that he incurred no federal tax liability for the preceding calendar year and that he anticipated incurring no federal income tax liability for the following year covering the taxable year 1976 and the following year 1977; the taxable year 1977 and the following year 1978; the taxable year 1978, and the following year 1979; whereas he then and there well knew that he had incurred federal income tax liability for the year 1976, and he anticipated a federal tax liability for 1977; further, that he then and there well knew that he had incurred a federal income tax liability in 1977 and he anticipated a federal income tax liability for 1978; and finally that he then and there well knew that he had incurred a federal income tax liability in 1978 and he anticipated a federal income tax liability for 1979.

### III

During the calendar year 1976 he earned a gross income of $14,915.01 and was required by law to report such income and any deductions or credits to which he was entitled, following the close of the calendar year 1976 and before April 15, 1977. Nevertheless he willfully and knowingly failed to do so.

### IV

During the calendar year 1977, he received a gross income of $14,754.29 and by reason thereof, he was required by law following the close of the calendar year 1977 and before April 15, 1978, to make an income tax return setting forth these items of gross income and any deductions or credits to which he was entitled. Well knowing these facts he did willfully and knowingly fail to make such return.

### V

For the calendar year 1978, based upon the defendant's own statement to the Court at a pretrial hearing on March 5, 1979, the Court finds that he had a gross income of at least $14,000 for the calendar year 1978 and was required on or before April 15, 1979, to make an income tax return to the appropriate officials; well knowing all these facts, he did willfully and knowingly fail to make such income tax return as required by the law.

### VI

Any conclusion of law deemed to be a finding of fact is hereby incorporated into these findings of fact.

### CONCLUSIONS OF LAW

### I

The subject matter of this action is controlled by Title 28, Rule 9(c), Federal Rules of Appellate Procedure.

### II

By reason of the foregoing findings of fact, the Court concludes that the defendant by reason of his conduct has made a mockery of the income tax laws and the regulations issued thereunder and has indicated he will continue to do so in defiance of the law; that he thereby constitutes a menace and a danger not only to himself, but also to society; and that if this activity is permitted to continue in defiance of the law, it would set an extremely bad example for other taxpayers and money earners and cannot be tolerated. Therefore, on the facts of this case, the Court concludes that the defendant has failed to carry the burden that he will not flee or pose a danger to the community. Rule 46(c), Federal Rules of Criminal Procedure and Rule 9(c), Federal Rules of Appellate Procedure.

### III

The Court further concludes that any appeal taken by the defendant will be frivolous and taken for purposes of delay. Rule 9(c), Federal Rules of Appellate Procedure and Title 18 U.S.C. § 3148.

## ORDER

Accordingly defendant's motion for granting of bail pending appeal should be and is denied.