UNITED STATES of America

v.

Anthony PROVENZANO, Appellant
in No. 79–1912,

and

Thomas Andretta, Appellant in
No. 79–1913.

Nos. 79–1912, 79–1913.

United States Court of Appeals,
Third Circuit.

Argued July 13, 1979.

Decided Aug. 21, 1979.

Jeffrey Speiser (argued), Sp. Atty., Newark, N. J., Maryanne T. Desmond, Chief, Appeals Div., Asst. U. S. Atty., Newark, N. J., for appellee.

Gerald L. Shargel (argued), New York City, for Anthony Provenzano.

John L. Pollok (argued), Hoffman, Pollok, Mass & Gasthalter, New York City, for Thomas Andretta.

Before ADAMS, ROSENN and HIGGINBOTHAM, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

The present appeal raises important questions concerning motions for bail pending review of judgments of conviction.

It is this nation's policy that one convicted of a crime shall be entitled to bail while appealing his conviction, unless no set of conditions upon release will reasonably assure that he will not flee or pose a danger to the community.[1] Here, the district court denied two motions for release on bail pending appeal solely on the second of these grounds, namely, that no set of conditions could assure that the defendants, if left free, would not pose a danger to the community. The applicants now renew their motions for release on bail in this Court. Resolution of these motions requires us to decide initially the standard by which an appellate court should review district court orders denying bail during the pendency of judicial review. Our answer to that question then renders necessary consideration of the allocation of the burden of establishing that a defendant poses a risk of flight or a

---

1. Bail Reform Act of 1966, 18 U.S.C. §§ 3146–48 (1976); Fed.R.App.P. 9(b), (c); Fed.R.Crim.P. 46(c).

risk of harm to the community, as well as the kinds of harm and particular factors pertinent to that determination.

## I.

Anthony Provenzano and Thomas Andretta have moved this Court for an order releasing them on bail pending their appeal from convictions in federal district court of violations of the federal racketeering laws.[2] The indictment charged and the jury found that the appellants, along with two co-defendants,[3] corruptly used their positions of influence over the Teamsters Union for their own pecuniary gain. On July 10, 1979, the trial judge imposed on each defendant a sentence of twenty years imprisonment and a fine of $20,000.00.

■ Immediately following the imposition of the sentences, the prosecution requested the trial judge to remand the appellants into custody without bail.[4] The appellants, in turn, moved the trial judge,

pursuant to Federal Rule of Appellate Procedure 9(b), for an order releasing them on bail pending appeal of their convictions. Although explicitly recognizing the strong presumption inherent in the Bail Reform Act in favor of granting bail pending appeal, the trial judge denied the motions on the ground that Provenzano and Andretta, if left free pending appeal, would each constitute a danger to the community.[5]

The trial judge specifically refused to base his decision, even in part, on the grounds that the appellants either posed a risk of flight or were pursuing frivolous appeals. Indeed, he declared that given appellants' ties to the community and their record of previous court appearances, bail could be set so as to minimize risk of flight. Similarly, while doubting the merits of the appeals and disclaiming the existence of any judicial error, the trial judge emphasized that such judgments should more aptly be left to this Court, and also declined to

---

2. 18 U.S.C. § 1961–63 (1976).

3. The district court granted the two co-defendants' motions for release pending appeal.

4. Prior to his conviction in the present case, Andretta was free on a $20,000.00 personal recognizance bond. After his conviction, but before sentencing, the government requested and the trial judge imposed bail on Andretta in the form of a surety bond in the amount of $20,000.00. Provenzano's bail status prior to sentencing was somewhat more complicated. During the trial he was incarcerated on the basis of a New York State murder conviction, and ineligible for bail pending appeal of that conviction under New York law. In addition, Provenzano was under conviction in the United States District Court for the Southern District of New York for the crime of conspiracy to receive a "kickback" in connection with a loan from a union pension fund, 18 U.S.C. § 1954 (1976). Upon his conviction in the present case, the trial judge set bail in the amount of $50,000.00, despite the government's request for a larger sum. Subsequently, Provenzano's murder conviction was reversed by the New York State Supreme Court Appellate Division, and remanded to the New York State Supreme Court, which admitted him to bail in that case in the amount of $100,000.00. In addition, the Southern District of New York, has admitted Provenzano to bail in the amount of $25,000.00 while his conviction on the kickback charge is reviewed by the United States Court of Appeals for the Second Circuit. Thus, at the time he

was sentenced in the present case, Provenzano was free on a combined bail of $175,000.00.

5. A district court judge who refuses an application for release pending appeal must "state in writing the reasons for the action taken." Fed. R.App.P. 9(b), quoted in relevant part at note 17 *infra*. The Court of Appeals for the District of Columbia has read this rule as requiring not only an indication of the reasons prompting a district judge to deny release, but also a delineation of "the basis for his utilization" of such reasons. *United States v. Stanley,* 469 F.2d 576, 584 (1972), quoting *Weaver v. United States,* 131 U.S.App.D.C. 388, 389, 405 F.2d 353, 354 (1968) (per curiam). Out of fairness to the applicant, compliance with this requirement "not only facilitates review in this Court of bail decisions, but also may serve to focus the attention of the District Court upon the relevant elements of such [a decision]." *Mecom v. United States,* 434 U.S. 1340, 1342 n.2, 98 S.Ct. 19, 21 n.4, 54 L.Ed.2d 49 (1977), (Powell, J., Circuit Justice).

Here, the trial judge's reason for denying the applicants' release pending appeal were fully articulated on the record. We agree that an opinion on the record amounts to sufficient compliance with the requirement of a written statement of reasons. *United States v. Manarite,* 430 F.2d 656, 657 (2d Cir. 1970) (per curiam); *United States v. Fields,* 466 F.2d 119, 121 n.3 (2d Cir. 1972).

deny bail on that ground. In predicating his decision solely on the determination that the appellants pose a danger to the community, the trial judge recognized the ambiguity inherent in the clause "danger to . . the community." His review of cases interpreting that provision, however, convinced him that pecuniary harm, as well as physical danger, was clearly contemplated within the meaning of the Act.[6]

In reaching his decision that Provenzano and Andretta posed a danger to the community, the trial judge considered the appellants' histories, including information contained in their presentence reports. He noted in particular that this was Provenzano's third federal felony conviction dealing with some form of labor extortion or racketeering. Of even greater significance to the trial judge was Provenzano's continued "substantial and undesirable" influence within the Teamsters Union, as evidenced by Local 560's munificence toward him during his previous incarcerations as well as his continued control, through his family, of the union.[7] Concluding that he would continue to exercise his influence within the union corruptly and in violation of the crim-

inal law, the trial judge found that Provenzano's freedom pending appeal would constitute a danger to the community.

The trial judge dealt similarly with Andretta's motion for release. Andretta possesses a record of violent criminal activity which includes one grand larceny and five felony convictions. On the basis of this background, the trial judge declared that Andretta "was probably incapable of leading a life free from the commission of crime," [8] and that he, too, therefore constituted a community danger.

Accordingly, on July 12, 1979, the district court ordered the bail previously imposed on the defendants revoked, and remanded them into custody. Provenzano and Andretta then renewed their motions in this Court for an order releasing them on reasonable bail pending appeal.[9]

## II.

Federal Rule of Appellate Procedure 9(c),[10] by expressly incorporating the criteria for release enunciated in the applicable provisions of the Bail Reform Act,[11] governs an applicant's eligibility for bail or other

6. The trial judge cited the following decisions: *United States v. Louie,* 289 F.Supp. 850 (N.D. Cal.1968); *United States v. Parr,* 399 F.Supp. 883 (W.D.Tex.1975); *United States v. Nelson,* 346 F.Supp. 926 (S.D.Fla.1972); *aff'd,* 467 F.2d 944 (5th Cir. 1972), *cert. denied* 410 U.S. 956, 93 S.Ct. 1428, 35 L.Ed.2d 689 (1972); *United States v. Miranda,* 442 F.Supp. 786 (S.D.Fla. 1977); *United States v. Rabena,* 339 F.Supp. 1140 (E.D.Pa.1972).

7. The positions of Local 560 President and Vice President were held respectively by Provenzano's brothers Nunzio and Salvatore. Moreover, Provenzano's twenty-four year old daughter assumed his position as Secretary-Treasurer of the union when he was forced to resign because of his murder conviction.

8. Transcript of Proceedings, at 29.

9. Judge Garth, sitting as a single judge of this Court, denied Appellants' original Rule 9(b) motions for bail pending appeal on July 12, 1979, without prejudice to a renewal of the motions before a panel of this Court.

10. Federal R.App.P. 9(c) provides:
   The decision as to release pending appeal shall be made in accordance with Title 18, U.S.C. § 3184 [The Bail Reform Act of 1966].

The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.
*Accord,* Fed.R.Crim.P. 46(c) (Release from Custody Pending Sentence and Notice of Appeal).

11. Bail Reform Act of 1966, 18 U.S.C. §§ 3146–3148 (1976). Section 3148 provides, in pertinent part:
   A person . . . (2) who has been convicted of an offense and is either awaiting sentence . . . or has filed an appeal or a petition for a writ of certiorari, shall be treated in accordance with the provisions of section 3146 unless the court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or to the community. If such a risk of flight or danger is believed to exist, or if it appears that an appeal is frivolous or taken for delay, the person may be ordered detained.
18 U.S.C. § 3146 (1976), which pertains to release in noncapital cases prior to trial and to post-conviction bail once the conditions of § 3148 have been met provides, in pertinent part:

release pending review of his conviction in federal court. Although there is no absolute right to release on bail pending appeal,[12] the Bail Reform Act favors post-trial as well as pre-trial release. Its directive that courts must consider a convicted appellant's potential danger to another person or to the community distinguishes such treatment from that accorded non-convicted persons, however, and reflects Congress's attempt to reconcile the appellant's interest in freedom during the pendency of judicial review and society's interest in preventing individuals convicted of crimes from absconding or endangering the community.[13]

█ Section 3148 of the Act lists the three questions courts must answer in the negative before admitting an applicant to bail pending disposition of his appeal:

> (a) Any person charged with an offense, other than an offense punishable by death, shall, at his appearance before a judicial officer, be ordered released pending trial on his personal recognizance or upon the execution of an unsecured appearance bond in an amount specified by the judicial officer, unless the officer determines, in the exercise of his discretion, that such a release will not reasonably assure the appearance of the person as required. When such a determination is made, the judicial officer shall, either in lieu of or in addition to the above methods of release, impose the first of the following conditions of release which will reasonably assure the appearance of the person for trial or, if no single condition gives that assurance, any combination of the following conditions:
> (1) place the person in the custody of a designated person or organization agreeing to supervise him;
> (2) place restrictions on the travel, association, or place of abode of the person during the period of release;
> (3) require the execution of an appearance bond in a specified amount and the deposit in the registry of the court, in cash or other security as directed, of a sum not to exceed 10 per centum of the amount of the bond, such deposit to be returned upon the performance of the conditions of release;
> (4) require the execution of a bail bond with sufficient solvent sureties, or the deposit of cash in lieu thereof; or
> (5) impose any other condition deemed reasonably necessary to assure appearance as required, including a condition requiring that the person return to custody after specified hours.
> (b) In determining which conditions of release will reasonably assure appearance, the

(1) Is the appeal frivolous or taken for delay?

(2) Is there reason to believe that no set of conditions will reasonably assure that the person will not flee?

(3) Is there reason to believe that no set of conditions will reasonably assure that the person will not pose a danger to any other person or to the community?

If it appears that an appeal lacks requisite legal merit or is taken for delay, or that the applicant poses an unreasonable risk of flight or danger, the court possesses discretion to order his detention. If not, then the court must order the applicant's release, albeit with appropriate conditions, in accordance with the provisions of section 3146.[14] Despite the Act's embodiment of a

> judicial officer shall, on the basis of available information, take into account the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings.

12. *See, e. g. Harris v. United States,* 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971) (Douglas, Circuit Justice); *Ex parte Harlan,* 180 F. 119 (C.C.Fla.1909) *aff'd on other grounds,* 218 U.S. 442, 31 S.Ct. 44, 54 L.Ed. 1101 (1910); *Siegal v. Follette,* 290 F.Supp. 632 (S.D.N.Y. 1968).

13. The statute was enacted with the express purpose of assuring "that all persons, regardless of their financial status, shall not needlessly be detained . . . pending appeal, when detention serves neither the ends of justice nor the public interest." Bail Reform Act of 1966, Pub.L.No. 89–465, § 2, 80 Stat. 214, *reprinted in* [1966] U.S.Code Cong. & Admin.News, pp. 2293, 2295.

14. 18 U.S.C. § 3146 (1976), *quoted* in note 12 *supra.*

Our determination that the defendants pose a danger to the community, renders it unnecessary for us to address either the questions of the defendants' risks of flight or danger to any person, or that of the legal merit of their appeal.

strong presumption in favor of post-trial as well as pretrial release, "both its structure and its interpretation underscore the delicacy of the determinations which must precede any ruling on that score."[15]

■ The initial resolution of a convicted defendant's motion for release pending appeal has traditionally been entrusted to the trial judge.[16] Federal Rule of Appellate Procedure 9(b) now explicitly provides what the Bail Reform Act contemplated: that an application for release after a judgment of conviction be made in the first instance to the district court, notwithstanding that the jurisdiction of the court of appeals has already attached by virtue of the appeal from the judgment of conviction.[17] The justification for such a requirement stems from the trial court's superior capacity, at least in the first instance, to gather and sift the pertinent information necessary to the correct determination of motions for release pending appeal. Once the district court refuses release, however, Rule 9(b) permits the applicant to submit a motion for release to the court of appeals or a judge thereof.

The "need for ample information," as the Court of Appeals for the District of Columbia Circuit recently emphasized, "is particularly acute to investigations of potential danger to the community."[18] A finding that one convicted of a crime poses a danger to the community necessitates predictions of future behavior that "must rest on a 'scrupulous inquiry'"[19] into an applicant's past, his prospects if released, and any possible conditions of release that might mitigate the danger he poses. Evaluating the harvest of such an inquiry necessarily implicates elements of discretion peculiarly within the competence and experience of the trial court. Given the trial judge's familiarity with the circumstances of a case, his opportunity to observe an applicant's demeanor at trial, and his ability to marshal the relevant informational sources in order to "probe for what is obscure, trap what is elusive, and settle what is controversial,"[20] sound practice dictates that applicants seek release in the first instance in the trial court.

■ These considerations have led a number of courts to declare that the determinations involved in the consideration of motions for release pending appeal rest in the trial court's sound discretion.[21] And

---

**15.** *United States v. Stanley,* 152 U.S.App.D.C. 170, 174, 469 F.2d 576, 580 (1972).

**16.** *See, e. g., Cain v. United States,* 148 F.2d 182, 183 (9th Cir. 1945); *United States v. Hansell,* 109 F.2d 613, 614 (2d Cir. 1940); *Kitrell v. United States,* 76 F.2d 333, 334–35 (10th Cir. 1935) (per curiam).

**17.** Fed.R.App.P. 9(b) (Release Pending Appeal from a Judgment of Conviction) provides:

Application for release after a judgment of conviction shall be made in the first instance in the district court. If the district court refuses release pending appeal, or imposes conditions of release, the court shall state in writing the reasons for the action taken. Thereafter, if an appeal is pending, a motion for release, or for modification of the conditions of release, pending review may be made to the court of appeals or to a judge thereof. The motion shall be determined promptly upon such papers, affidavits, and portions of the record as the parties shall present and after reasonable notice to the appellee. The court of appeals or a judge thereof may order the release of the appellant pending disposition of the motion.

This practice first became a uniform requirement under Federal Rule of Criminal Procedure 38(c), which became effective on March 21, 1946. Rule 38(c) was later abrogated on December 4, 1967, effective July 1, 1968, when the Federal Rules of Appellate Procedure came into force. *See United States v. Stanley,* 152 U.S. App.D.C. at 176–77, 469 F.2d at 582–83. *See also* Fed.R.App.P. 9(b) note.

**18.** *United States v. Stanley,* 152 U.S.App.D.C. at 175, 469 F.2d at 581.

**19.** *Id., quoting in part Hansford v. United States,* 122 U.S.App.D.C. 320, 323, 353 F.2d 858, 861 (1965) (dissenting opinion).

**20.** *United States v. Stanley,* 152 U.S.App.D.C. at 177, 469 F.2d at 582.

**21.** *See, e. g., United States v. Baca,* 444 F.2d 1292, 1296 (9th Cir.), *cert. denied* 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294 (1971); *United States v. Sine,* 461 F.Supp. 565, 568 (D.S.C. 1978); *United States v. Miranda,* 442 F.Supp. 786, 789 (S.D.Fla.1977); *United States v. Parr,* 399 F.Supp. 883, 887 (S.D.Tex.1975); *United States v. Quicksey,* 371 F.Supp. 561, 564 (S.D. W.Va.1974).

indeed, the deference and respect appellate courts accord such determinations evidence the genuine importance of a trial court's careful exercise of this discretion. But our recognition of the trial court's central role in the resolution of a bail application in the first instance does not compel our acceptance of the government's contention, supported by some authority,[22] that only a clear abuse of discretion justifies reversal of a trial court's order denying bail. We adhere instead to the view that courts of appeals must independently assess the merits of applications for release on bail pending appeal once denied by the trial court. Even though initial processing by the trial judge is apt to make a contribution to any subsequent consideration of bail, our responsibility in the statutory scheme, as the Court of Appeals for the District of Columbia has asserted, "is not merely appellate but includes the duty to make an independent determination of all relevant factors."[23]

The propriety of an independent assessment by the court of appeals derives support from the employment of a corresponding standard of review by individual Justices of the Supreme Court, sitting as Circuit Justices, when adjudicating a bail application that both the district court and the court of appeals have disposed of otherwise than by unconditional release.[24] A series of recent in-chambers opinions uniformly es-tablish that although district court decisions respecting bail are entitled to "great deference," a Circuit Justice has a non-delegable responsibility to make an independent determination of the merits of the application.[25] We can perceive no reasons of policy for expecting a Circuit Justice independently to assess the merits of an application for release pending appeal and yet not expect a panel of a court of appeals to assume that same obligation. Indeed, as a practical matter, such a procedure would risk burdening Circuit Justices with a stream of unnecessary motions for release. For applicants denied release in the court of appeals would still have reason to hope for a favorable decision under the less restrictive standard of review that a Circuit Justice would be expected to apply in reviewing a subsequent motion.

The specific provisions of both the Bail Reform Act and Rule 9 of the Federal Rules of Appellate Procedure furnish additional support for this position. Although the Act requires a court to affirm an order detaining a person prior to trial "if it is supported by the proceedings below,"[26] it expressly exempts from that requirement decisions regarding motions for release on bail after conviction.[27] On the contrary, decisions as to release pending appeal from conviction, in the court of appeals as well as the district court, explicitly depend on what "the court or judge has reason to believe."[28]

---

22. *See, e. g., United States v. Baca*, 444 F.2d at 1296; *United States v. Porter*, D.C., 297 F.Supp. 1117, 1118 (1969).

23. *United States v. Stanley*, 152 U.S.App.D.C. at 180, 469 F.2d at 586, *quoting Hansford v. United States*, 353 F.2d at 860.

24. *See* Sup.Ct.R. 35, 50.

25. *Truong Dinh Hung v. United States*, 439 U.S. 1326, 99 S.Ct. 16, 58 L.Ed.2d 33 (1978) (Brennan, Circuit Justice); *Mecom v. United States*, 434 U.S. 1340, 98 S.Ct. 19, 54 L.Ed.2d 49 (1977) (Powell, Circuit Justice); *Harris v. United States*, 404 U.S. 1232, 92 S.Ct. 10, 30 L.Ed.2d 25 (1971) (Douglas, Circuit Justice); *Sellers v. United States*, 89 S.Ct. 36, 21 L.Ed.2d 64 (1968) (Black, Circuit Justice). *But see* the earlier decision, *Albanese v. United States*, 75 S.Ct. 211, 99 L.Ed. 1293 (1954) (Frankfurter, Circuit Justice) (enunciating an abuse of discretion standard).

In *Truong Dinh Hung v. United States*, the most recent in-chambers opinion, Justice Brennan reiterated the Circuit Justice's responsibility to make an independent determination of the merits of a motion for release pending appeal. Although his opinion alluded to the Fourth Circuit's application of an abuse of discretion standard in its review of the district court's decision, the appropriateness of that standard was neither raised nor addressed by the Circuit Justice's decision.

26. 18 U.S.C. § 3147(b) (1976).

27. 18 U.S.C. § 3148 (1976), quoted in note 11 *supra*.

28. *Id.* Fed.R.App.P. 9(c), quoted in note 10 *supra*.

Moreover, Rule 9(b) instructs both the district court and the court of appeals to decide motions for release "promptly upon such papers, affidavits, and portions of the record as the parties shall present." [29] Because this requirement permits consideration by the court of appeals of evidence that may not have been before the trial judge, it, too, indicates that the court of appeals should independently determine such applications.

The standard of review announced here, however, does not imply that courts of appeals are free to ignore a trial judge's supporting statement of reasons for his action. Rather, as Judge Robinson has indicated, Rule 9(b)'s twin requirements—that release pending judicial review be sought initially in the district court and that trial judges state their reasons when refusing release or imposing conditions thereon— "mandate that circuit judges give those reasons respectful consideration in arriving at their own decisions on bail." [30] But if after careful assessment of the trial judge's statement explaining the reasons for the order regarding the applicant's motion, together with such papers, affidavits and portions of the record as the parties present, the court of appeals or a judge thereof independently reaches a conclusion different from the trial judge's, we have no doubt of this Court's power to set bail pending appeal. [31]

## III.

Having determined our obligation to assess independently an applicant's motion for release as well as the trial judge's decision thereon, we now proceed to ascertain whether any set of conditions would reasonably assure that releasing the applicants in this case would not pose a danger to the community. We note that this determination represents a critical decision that courts must face in their evaluation of motions for release pending appeal. "Superficial treatment of this question will lead to neither justice for the individual nor safety for the community." [32]

Before the enactment of the Bail Reform Act, in the absence of any specific provision governing release pending appeal, federal courts exercised broad discretion in bail matters, taking into account an array of various considerations. [33] The Act's provisions regarding bail pending appeal, however, now effectively limit judicial consideration in these matters to two relevant criteria: the risk that the defendant will flee and the risk that he will pose a danger if admitted to bail. [34] Furthermore, the Bail Reform Act imposes a duty on federal courts not only to determine whether an applicant poses such risks, but also to measure them "in terms of conduct that cannot be reasonably safeguarded against by an

**29.** Fed.R.App.P. 9(b), quoted in note 17 *supra*.

**30.** *United States v. Stanley,* 152 U.S.App.D.C. at 179, 469 F.2d at 584.

**31.** Fed.R.App.P. 9(b); *see United States v. Ostrer,* 422 F.Supp. 108, 110–11 (S.D.N.Y.1976) ("The Court of Appeals certainly has the power to set bail pending appeal or to refuse to do so.") It is the court of appeals' power to effect an applicant's release as an incident of the pending appeal that obviates the need for a separate appeal from the district court's order respecting release. *See* Fed.R.App.P. 9(b) note.

**32.** Note, *The Bail Reform Act of 1966,* 53 Iowa L.Rev. 171, 184 (1967).

**33.** *See, e. g., United States v. Bentvena,* 308 F.2d 47, 48 (2d Cir. 1962) ("contempt for the legal process and the administration of criminal justice"); *United States v. Piper,* 227 F.Supp. 735, 740 (N.D.Tex.1964) ("character and repu-

tation"); *United States v. Delaney,* 8 F.Supp. 224, 226 (D.N.J.1934), *rev'd on other grounds,* 77 F.2d 916 (3d Cir. 1935) ("personal attitude toward society as organized in government").

**34.** 18 U.S.C. § 3148 (1976). § 3146(b) provides a statutory list of factors pertinent to the determination whether an applicant poses a risk of flight, including: "the nature and circumstances of the offense charged, the weight of the evidence against the accused, the accused's family ties, employment, financial resources, character and mental condition, the length of his residence in the community, his record of convictions, and his record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings."

The Act fails to specify the factors to be considered in determining whether the convicted appellant poses a danger to the community.

imposition of conditions upon the release."[35]  Given this statutory responsibility to set whatever restrictions on release are necessary to ensure against an applicant's flight or potential danger, bail should be denied under the Bail Reform Act only as a matter of last resort.  In particular, the danger to the community posed by the defendant must be of such dimension that only his incarceration can protect against it.[36]  Whenever a court can fashion the conditions of an applicant's release in such manner that the danger may be averted, it must do so and grant the motion for release.  Decisions in cases involving bail applications pending appeal prior to the Bail Reform Act clearly placed the burden of establishing the risk of danger to the community on the government,[37] and firmly established the principle that doubts whether bail should be granted or denied should be resolved in the applicant's favor.[38]  The Act left these principles essentially unchanged—specifying that a denial of bail is justified only if a "court or judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger"[39] —and courts interpreting the Act's provisions continued to abide by them in subsequent decisions.[40]  But the enactment of Federal Rule of Appellate Procedure 9(c), inverted both this burden of proof allocation and the attendant principle of resolving doubts in the applicant's favor at the same time it incorporated the Bail Reform Act's criteria for release.[41]  In effect, the rule thus combined "criteria devised to liberalize the granting of bail pending appeal with an allocation of the burden of proof designed to have the opposite effect."[42]

Rule 9(c) provides in part: "The burden of establishing that the defendant will not flee or pose a danger to  .  .  . the community rests with the defendant." The Advisory Committee's Note to this rule explains that the burden of persuasion is

**35.** *United States v. Jackson,* 135 U.S.App.D.C. 207, 208, 417 F.2d 1154, 1155 (1969) (per curiam); *see United States v. Harrison,* 131 U.S. App.D.C. 390, 392, 405 F.2d 355, 357 (1968) (per curiam), *cert. denied* 396 U.S. 974, 90 S.Ct. 465, 24 L.Ed.2d 442 (1969).

**36.** *Chambers v. Mississippi,* 405 U.S. 1205, 1206, 92 S.Ct. 754, 30 L.Ed.2d 773 (1972) (Powell, Circuit Justice); *Sellers v. United States,* 89 S.Ct. 36, 39, 21 L.Ed.2d 64 (1968) (Black, Circuit Justice); *United States v. Stanley,* 449 F.Supp. 467, 472 (N.D.Cal.1978); *United States v. Miranda,* 442 F.Supp. 786, 792 (S.D.Fla. 1977).

**37.** *See, e. g. Ward v. United States,* 76 S.Ct. 1063, 1065, 1 L.Ed.2d 25 (1956) (Frankfurter, Circuit Justice); *Rhodes v. United States,* 275 F.2d 78, 80 (4th Cir. 1960); *United States v. Piper,* 227 F.Supp. 735, 741 (N.D.Tex.1964).

**38.** *Leigh v. United States,* 82 S.Ct. 994, 996, 8 L.Ed.2d 269 (1962) (Warren, Circuit Justice); *Herzog v. United States,* 75 S.Ct. 349, 351, 99 L.Ed. 1299 (1955) (Douglas, Circuit Justice), *cert. denied,* 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956).  *See generally,* Note, *Bail Pending Appeal in Federal Court: The Need for a Two-Tiered Approach,* 57 Tex.L.Rev. 275, 278–79 (1979) (hereinafter cited as *Bail Pending Appeal in Federal Court* ).

**39.** 18 U.S.C. § 3148 (1976).

**40.** *See United States v. Fields,* 466 F.2d 119, 121 (2d Cir. 1972) (Bail Reform Act incorporates prescription in favor of bail after conviction); *Leary v. United States,* 431 F.2d 85, 89 (5th Cir. 1970) (Government has burden); *Government of Virgin Islands v. Callwood,* 296 F.Supp. 943, 943 (D.V.I.1969) (Under Bail Reform Act discretion should normally be exercised in favor of granting bail).

**41.** Fed.R.App.P. 9(c); *accord,* Fed.R.Crim.P. 46(c) (Release from Custody Pending Sentence and Notice of Appeal).

18 U.S.C. § 3772 (1976) authorizes the Supreme Court of the United States to prescribe "rules of practice and procedure with respect to any or all proceedings after verdict." and provides that once such rules become effective, "all laws in conflict therewith shall be of no further force." *Cf. Davis v. United States,* 411 U.S. 233, 241, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973); *Sibbach v. Wilson & Co.,* 312 U.S. 1, 10, 61 S.Ct. 422, 85 L.Ed. 479 (1941); *United States v. Brown,* 157 U.S.App.D.C. 311, 313, 483 F.2d 1314, 1316 (1973).  Moreover, the Supreme Court has stated that Congress can be deemed to have adopted rules issued under the court's statutorily delegated authority.  *See Davis v. United States, supra,* 411 U.S. at 241, 93 S.Ct. 1577; *Singer v. United States,* 380 U.S. 24, 37, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

**42.** *Bail Pending Appeal in Federal Courts, supra* note 38, at 276.

placed upon the defendant in the case of bail applications pending appeal because "the fact of his conviction justifies retention in custody in situations where doubt exists as to whether he can be safely released pending disposition of his appeal."[43] Although Andretta nowhere mentions or alludes to Rule 9(c), Provenzano concedes that a defendant has the burden of establishing that he does not pose a danger to the community. But Provenzano contends nevertheless that "the cases have uniformly looked to the evidence submitted by the Government in order to determine whether the defendant represents such a danger."[44] As the Government's brief indicates,[45] however, all the cases cited by Provenzano in support of that contention are not persuasive here inasmuch as they predate the amendment.

One commentator has recently argued that Rule 9(c)'s displacement of the burden "abrogates the policy cornerstone"[46] upon which the Bail Reform Act's criteria rest, "rendering hollow"[47] its requirement that one convicted of a crime shall be entitled to bail "unless the court or judge has reason to believe"[48] that no conditions of release will reasonably assure that he will not pose a

danger to the community. However that may be, we believe that Rule 9(c), by explicitly requiring the defendant to shoulder the burden of persuading the court that he will neither flee nor pose a danger to the community, elevates these factors to a higher level of importance.[49] Moreover, judicial decisions subsequent to the 1972 amendment appear to have accepted without question the intent of Rule 9(c) that applicants for bail pending appeal establish that they pose neither a risk of flight nor a risk of harm.[50]

The Bail Reform Act specifies neither the kinds of harm nor the particular factors to be considered in determining whether a defendant poses a danger to the community. The trial judge's study of decisions interpreting the Act's "danger to . . . the community" provision, however, convinces him that courts are not confined in such cases to considering only harms involving an aura of violence. We agree and hold that a defendant's propensity to commit crime generally, even if the resulting harm would be not solely physical, may constitute a sufficient risk of danger to come within the contemplation of the Act.[51]

43. Fed.R.App.P. 9(c) note.

44. Preliminary Statement for Appellant Anthony Provenzano, at 2.

45. Brief for Appellee, at 3.

46. *Bail Pending Appeal in Federal Courts, supra* note 38, at 276.

47. *Id.* at 279.

48. 18 U.S.C. § 3148 (1976).

49. *See Bail Pending Appeal in Federal Courts, supra* note 38, at 279.

50. *See, e. g., United States v. Stanley,* 449 F.Supp. 467, 471 (N.D.Cal.1978) ("burden of establishing that defendant would not flee or pose a danger to the community rested with the defendant"); *United States v. Miranda,* 442 F.Supp. 786, 792 (S.D.Fla.1977) ("the burden of demonstrating that one is not a danger to the community is on the defendant under the Bail Reform Act"); *U. S. v. Rodriguez,* 423 F.Supp. 110, 111 (C.D.Cal.1976) ("defendant fails to carry the burden that he will not flee or pose a danger to the community"); *United States v.*

*Parr,* 399 F.Supp. 883, 887 (S.D.Tex.1975) ("burden of establishing that the Defendant will not flee or pose a danger to any other person or to the community rests with the Defendant"); *United States v. Quicksey,* 371 F.Supp. 561 (D.W.Va.1974) ("It is clear that the standards for post-trial release are much stricter than the standards relating to pre-trial release.") The two in-chambers opinions that have appeared since 1972 by individual Justices of the Supreme Court sitting as Circuit Justices do not mention Rule 9(c)'s allocation of the burden of proof. *Truong Dinh Hung v. United States,* 439 U.S. 1326, 99 S.Ct. 16, 58 L.Ed.2d 33 (1978) (Brennan, Circuit Justice); *Mecom v. United States,* 434 U.S. 1340, 98 S.Ct. 19, 54 L.Ed.2d 49 (1977) (Powell, Circuit Justice).

51. *See, e. g., United States v. Karmann,* 471 F.Supp. 1021, 1979 (C.D.Cal.) (indication that defendant would continue to defy income tax laws and regulations); *United States v. Miranda,* 442 F.Supp. 786 (S.D.Fla.1977) (propensity to engage in drug trafficking); *United States v. Parr,* 399 F.Supp. 883 (S.D.Tex.1975) (threat of continued misappropriation of public assets); *United States v. Rabena,* 339 F.Supp. 1140 (E.D.Pa.1972) (repeated involvement in extor-

In reaching a decision whether a defendant, if released pending appeal, would pose a danger to the community, a trial judge may properly consider the nature and circumstances of the crime.[52] In addition, a court may take notice of the defendant's presentence report, including information regarding the accused's prior criminal record, pending criminal charges, his demeanor at trial, and any other information indicative of the defendant's propensity to commit crime generally, or otherwise endanger the community.[53] Our review satisfies us that all these factors properly played a role in the trial judge's ultimate determination that Provenzano and Andretta each posed a danger to the community.

As the district court noted, Provenzano has had three federal felony convictions, all dealing with some form of labor extortion or racketeering. Moreover, the trial court found, on the basis of the Union's largess toward Provenzano during previous incarcerations and the continued control exercised by Provenzano's family, that if released Provenzano would have additional opportunity to exercise a substantial and corrupting influence within the Union. In the absence of any evidence produced by Provenzano that he would not continue corruptly to utilize his influence in the Union, other than his personal assurances that at the age of 62 he would no longer participate in its affairs, we conclude that he has not met his burden of demonstrating that he does not pose a danger to the community,

or that conditions exist which if imposed would protect society against such a danger.[54]

Andretta also has a substantial criminal record, that includes violent acts and threats among convictions of one grand larceny and five felony charges. Although the mere recitation of a defendant's criminal record is not sufficient to establish his potential danger to the community, relevant portions of a defendant's criminal record certainly may be selectively considered.[55] Andretta's record, as the trial judge observed, reveals a marked propensity to commit serious crime that poses a substantial danger to the community. On the basis of the papers, briefs, and other portions of the record, we conclude that Andretta has similarly failed to meet his burden of establishing that no one or more conditions of release will ensure against such a danger.[56]

Accordingly, the applicants' motions for an order releasing them on bail during the pendency of their appeal are hereby denied.

---

tion racket including threats and acts of violence); *United States v. Louie,* 289 F.Supp. 850 (N.D.Cal.1968) (interstate transportation of forged securities).

**52.** *United States v. Rabena,* 339 F.Supp. 1140, 1142 (E.D.Pa.1972).

**53.** *United States v. Metz,* 470 F.2d 1140, 1142 (3d Cir. 1972), *cert. denied* 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973); *United States v. Long,* 137 U.S.App.D.C. 275, 422 F.2d 712 (1971); *United States v. Erwing,* 268 F.Supp. 877 (D.C.Cal.1967).

**54.** *See U. S. v. Stanley,* 449 F.Supp. 467, 472 (N.D.Cal.1978) ("[T]he burden of showing that there exist conditions of release which will rea-

sonably assure defendant's nondangerousness is part of the defendant's burden of demonstrating nondangerousness generally.")

**55.** *United States v. Long,* 137 U.S.App.D.C. 275, 422 F.2d 712 (1970); *Cf. United States v. Jackson,* 135 U.S.App.D.C. 207, 210, 417 F.2d 1154, 1157 (1970) (Burger, J., dissenting) ("Appellant's record, standing alone, constitutes abundant reasons.")

**56.** Even if the burden of proof rested not with the defendants but with the government, we would still reach the conclusion that each poses a danger to the community that no conditions of release will protect against.