## GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff

v.

## KENNETH BROWN, Defendant

Criminal No. 80/106

District Court of the Virgin Islands

Div. of St. Croix

May 13, 1981

MELVIN H. EVANS, JR., ESQ., Assistant United States Attorney (Office of the United States Attorney), Christiansted, St. Croix, V.I., *for plaintiff*

GEORGE M. ALEXIS, ESQ., Assistant Federal Public Defender (Office of the Federal Public Defender), Christiansted, St. Croix, V.I., *for defendant*

SILVERLIGHT, *Judge, Sitting By Designation*

## MEMORANDUM OPINION AND ORDER

The defendant moves this Court to admit him to bail pending appeal. He was convicted on November 24, 1980, of first degree robbery, grand larceny, five counts of assault first degree, and two counts of possession of an unlicensed firearm. He was sentenced to serve a total of 32 years in prison.

■ The controlling case in this jurisdiction concerning post-conviction bail is United States v. Provenzano, 605 F.2d 85 (3rd Cir. 1979). In that case, pursuant to 18 U.S.C. § 3148 of the Bail Reform Act, the Third Circuit noted three questions courts must answer in the negative before admitting an applicant to bail pending disposition of his appeal:

(1) Is the appeal frivolous or taken for delay?

(2) Is there reason to believe that no set of conditions will reasonably assure that the person will not flee?

(3) Is there reason to believe that no set of conditions will reasonably assure that the person will not pose a danger to any other person or to the community?

United States v. Provenzano, 605 F.2d at 90.

■ The brief for defendant cites Leary v. United States, 431 F.2d 85 (5th Cir. 1970) for the proposition that the Government has the burden of demonstrating that applicant represents a danger to the community or will flee the jurisdiction. While this was the law in 1970, the 1972 amendment to Rule 46(c), Fed. R. Crim. P. dealing with release pending sentence and notice of appeal notes in pertinent part:

The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

■ In answering the three relevant questions, this Court need not decide whether the appeal in this case is frivolous, for it finds that defendant does not meet his burden of establishing that he will neither flee nor pose a danger to the community The fact that defendant has been sentenced to 32 years in jail is a strong incentive for him to flee the Virgin Islands; the fact of numerous nearby nations makes the possible problem of effective flight especially acute in the Virgin Islands. While there is no evidence of a propensity to flight in Brown's previous behavior, the lengthy sentence of itself is enough basis on which to find that Brown does not meet his burden of showing conditions of release which will reasonably assure that he will not flee.

Also, the Court finds that defendant does pose a danger to the community. He has two prior convictions of assault third degree. The conviction in this case likewise involved physical assault, of a vicious nature, coupled with an armed robbery. The presentence report notes a poor work record and states that unless defendant

471

changes his present pattern, it is likely that he will again become "involved" (i.e. with crime).

▮ The brief for the defendant states that "some behavior *de hors* [i.e. out of, foreign to] the alleged facts on which he has been convicted must be the basis of a finding of dangerousness." This is simply not true; and the cases cited in defendant's brief for this proposition do not even remotely suggest it. Rather,

> In reaching a decision whether a defendant, if released pending appeal, would pose a danger to the community, a trial judge may properly consider the nature and circumstance of the crime. In addition, a court may take notice of the defendant's presentence report, including information regarding the accused's prior criminal record, pending criminal charges, his demeanor at trial, and any other information indicative of the defendant's propensity to commit crime generally, or otherwise endanger the community.

United States v. Provenzano, 605 F.2d at 96. See also United States v. Porter, 297 F.2d 1117, 1119 (D.D.C. 1969), United States v. Stanley, 469 F.2d 576 (D.C. Cir. 1972), United States v. Miranda, 442 F.Supp. 786 (S.D. Fla. 1977).

▮ This Court has weighed the material before it, pro and con, in deciding whether Mr. Brown may be a danger to the community. His questionable work record, his previous convictions on assault and the present conviction on serious charges all weigh against his release. On the other side, there stands the statement of the Federal Public Defender that "other than his conviction in the instant case, there is no indication of his posing a danger to any other person or to the community." This Court finds the evidence that defendant Brown will be a danger to this community sufficiently strong so that denial of bail is the only option.

## ORDER

For the reason stated above,

It is hereby ORDERED

That defendant's motion to be admitted to bail pending appeal be, and the same hereby is, Denied.