**GOVERNMENT OF THE VIRGIN ISLANDS,**
Plaintiff/Appellee

v.

**O'NEAL BROOKS and GREGORY CHRISTIAN,**
Defendants/Appellants

Criminal No. 1982/21

District Court of the Virgin Islands

Div. of St. Croix

October 28, 1982

GORDON C. RHEA, ESQ., Assistant United States Attorney (Office of the U.S. Attorney), Christiansted, St. Croix, V.I., *for plaintiff/appellee*

LOLITA D'JONES, ESQ., Christiansted, St. Croix, V.I., *for defendant/appellant O'Neal Brooks*

DEANA M. BOLLING, ESQ., Christiansted, St. Croix, V.I., *for defendant/appellant Gregory Christian*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

After a jury trial, defendant O'Neal Brooks ("Brooks") was convicted on eight counts of first degree robbery, first degree assault and a weapons violation, arising out of the robbery of the Top Hat Restaurant in Christiansted. On June 9, 1982, he was sentenced to concurrent terms of fifteen years each on seven of the counts, and 2½ years without parole on the weapons count. He has been incarcerated since that date, and now moves for release on bail pending disposition of the appeal he has filed. A hearing was held on the matter on October 27, 1982.

Because the Court finds that Brooks is a danger to the community, and that his appeal is frivolous, the motion will be denied.

## A. APPLICABLE LAW

In a decision as to bail pending appeal, the Court is bound by the guidelines set down in United States v. Provenzano, 605 F.2d 85 (3rd Cir. 1979) and Government of the Virgin Islands v. Leycock, 678 F.2d 467 (3rd Cir. 1982). Both cases interpret 18 U.S.C. §§ 3146–

3148. (The Bail Reform Act.) Under these guidelines, the burden is on the defendant to establish that he poses neither a risk of flight nor a danger to the community. Likewise, he must demonstrate that the appeal itself is meritorious and not taken to delay the commencement of his incarceration.

## B. DISCUSSION

### 1. *Danger of Flight*

■ The defendant Brooks is a life long resident of St. Croix, and he has no known contacts outside of the Virgin Islands. The Court does not view him as a person likely to flee the jurisdiction since this is the only place he knows. Accordingly, bail cannot be denied on that basis.

### 2. *Danger to the Community*

■ The Bail Reform Act does not specify what kinds of harm or particular factors should be considered in determining whether a defendant poses a danger to the community. However, a defendant's propensity to commit crime generally, the nature and circumstances of the crime for which he was convicted, his demeanor at trial and sentencing and other factors may be taken into consideration. If, after all of the considerations listed above, the trial court has reason to believe that no conditions of release will reasonably assure that he will not pose a danger to the community, bail may be denied. United States v. Provenzano, supra at 95–96.

The evidence in the case indicated that Brooks and his co-defendant, Gregory Christian, together with a third person, entered the restaurant at its peak dining hour. Employees were forced to the floor, and in one instance, a shot was fired into the floor next to the ear of one of them. Brooks and Christian did not discriminate racially in their victims. Both black and white restaurant personnel were pistol-whipped and otherwise assaulted. Identification of Brooks was made by several witnesses, one of which came when his kerchief slipped from his face for about ten seconds. Witnesses, as they testified, were obviously frightened.

The robbers escaped in a vehicle, which was seen as it sped away. Later, armed with the license number, police stopped the same vehicle. In it were both Brooks and Christian, who was armed with a pistol, and certain items which were identified as having been taken from the restaurant.

Brooks testified, presenting an alibi defense. His testimony was not believable, nor was that of the friends who came to the stand to

support his alibi. It was clear to the Court that Brooks gave no importance to the oath he had taken to tell the truth, and his alibi defense was effectively demolished on cross-examination, thereby creating a severe credibility problem.

The behavior of Brooks at the Top Hat Restaurant in December, 1981, was consistent with his behavior on an earlier occasion. In April, 1980, he plea bargained in a case in which he was charged with assaulting another man with a bat. Apparently, when the victim ran away, Brooks obtained a firearm and shot at him. The shot missed.[1]

The documented behavior of Brooks is clearly violent. The random use of a bat and firearms against the persons of others, and the pistol whipping of defenseless people, cannot be described otherwise.

But the evidence of Brooks' attitude about his role in society comes from his own mouth as well. He spoke extensively at the time of sentencing. He excoriated each and every police officer and witness. He claimed that he was being framed. He accused the police of framing his brother as well, who is serving a prison term for his own involvement in a violent crime. And at the conclusion of the statement he said:

> These people—these governmental hypocrites and stuff like that, I really—the system is a game; that's how I see it, a game, nothing but a game. Really, I don't know how long all of this will go on, but I say, everybody has their day; the day will come sometime, if not for me, today, and then tomorrow. . . . Maybe all of us might suffer now, but I know that their day will come.

As if these open threats were not enough, Brooks ended:

> And I just want everybody to know in this courtroom, the people them and everything, especially the poor people them, they have to watch out because now is the time to decide life or death because this island we used to know long time ago is like on its way out, so the time is at hand.

With those remarks, and the manner in which they were delivered, at a time when their significance to a future bail request was lost on Brooks, the defendant confirmed the Court's view of his behavior. He has not repudiated them. Combined with his proven

---

[1] This information was in the pre-sentence report, and was never disputed by the defendant. His conviction, under 5 V.I.C. § 3711(c) was "probation without conviction". The substance of Brooks' behavior, nonetheless, is a consideration when determining his propensity for violent acts and as a danger to the community.

violent acts, the Court finds without doubt that he has a propensity for violence, and is a danger to the community.

Given all of the cumulative information about his behavior, and his view that the system is a "game", it does not take much logic to understand that Brooks considers violence as a "game" and would not hesitate to use it again in the future.

At the hearing on October 27, 1982, witnesses were presented on his behalf. The gist of the testimony was that Brooks, if released on bail, would live at home once again with his parents. He would work at odd jobs, and he would be associated with Mr. David Lashley as an on-the-job welding trainee. The Court does not consider that the above facts create the conditions under which Brooks would contain his propensity for violence, and which would protect the community, for the following reasons:

1. The home environment to which he would return has now produced two felons, each involved in crimes under extremely violent circumstances.[2]
2. The person who is proposed to be the welding teacher is himself a convicted felon, who admitted the voluntary manslaughter of another man by gunshot.[3]

The suggestion to return O'Neal Brooks to this very environment and to have him associated with another person convicted of violent behavior would leave Brooks without any societal restraints at all. His father testified at the hearing that he had never heard of or met Gregory Christian, the co-defendant in the Top Hat robbery, until the arrest of his son. Yet it was clear that Brooks and Christian were closely associated. This suggests lack of control over his 22-year-old son, though we consider Mr. Brooks a decent man.

■ The defendant has not met his burden of demonstrating that there are conditions under which he could be released to the community without posing any danger. The Court finds that, in fact, there are no conditions which would satisfy the Court that Brooks

---

[2] The defendant's younger brother, George Brooks, Jr., 20, is serving a five-year penitentiary term after a plea bargain. The incident involved a shootout with police during a burglary attempt at a local business place. The man with George Brooks, Jr., in the burglary attempt was killed in the shootout. George Brooks, Jr., fled the scene, but was later apprehended.

[3] David Lashley was sentenced on February 3, 1982, to three years' imprisonment for the plea-bargained voluntary manslaughter conviction. He is presently serving that term on weekends at Golden Grove Correctional Facility.

would not be a danger to the community, and the motion will be denied on that basis.

### 3. *Frivolous Appeal*

The U.S. Attorney argued at the hearing that Brooks' appeal is frivolous. Brooks' attorney stated that her appeal would be based on the same grounds cited in her motion for judgment of acquittal. These will be briefly reviewed.

It is argued by the defendant that his speedy trial rights were denied him, that he should have been granted a severance, and that certain items seized in the automobile in which he was riding should have been suppressed. Settled case law at the Supreme Court level indicates that the appeal on any of these grounds will be frivolous.

Brooks also challenges the refusal to excuse from the panel eight prospective jurors who had been victims of crimes, or ten prospective jurors who were related to law enforcement personnel. He also claims that one juror should have been excused because that juror slept through most of the trial. It is difficult to see any basis for a meritorious appeal on any of these related grounds. Brooks does not claim that any of these prospective jurors were actually selected for the jury, and, in any event, the Court made careful inquiry over and over again concerning bias or sympathy in this regard. As to the "sleeping juror", the defense claimed early in the trial that the juror was sleeping. The Court disagreed with that description, but invited the defense to bring any future incidents of that nature to its attention. There were none. The jury was closely attentive throughout the trial.

The defendant also raised the question of extensive newspaper publicity as inhibiting a fair trial. This is merely stated, however, and Brooks brought forward no specifics of any kind to support the claim. The jury was repeatedly warned to avoid any media reports of the case, and there is no indication that any juror failed to heed that admonition.

The final ground cited by Brooks is prosecutorial misconduct. He claims that the office of the United States Attorney attempted to suborn perjury, but he makes no claim that the perjurious testimony was actually presented to the jury. These serious charges were undocumented in any believable fashion.

Considering each of these grounds, and noting that it is always dangerous for a judge who has been sitting less than a year to designate any appeal as "frivolous", the defendant has not raised any ground on appeal which could be considered meritorious. Each of

the grounds raised meets judicial precedent which has disposed of the issue at the appellate level.

■ In short, to the Court, it appears that the appeal of O'Neal Brooks is indeed frivolous, and this is another basis for denying him bail on appeal.

## CONCLUSION

The defendant has not met his burden under United States v. Provenzano, supra. The Court finds that the defendant is a danger to the community, and no set of conditions for his release from incarceration would remove that danger. In addition, his appeal is frivolous and taken for the purpose of delay.

The motion will be denied.

## ORDER

THIS MATTER is before the Court on motion of the defendant Brooks for release on bail pending disposition of his appeal. The Court conducted a hearing on October 27, 1982. The Court having filed its memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the motion of defendant Brooks be and the same is hereby DENIED.