CLD-144                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1607
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:15-cr-00168-001)
District Judge: Honorable Mark R. Hornak
_____

Submitted on Appellee's Motion
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2022
Before: AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: May 12, 2022)
_____

OPINION*
_____

PER CURIAM

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Frederick H. Banks was convicted of wire fraud and aggravated identify theft. He was sentenced by the District Court to an aggregate 104 months in prison. Banks's counseled direct appeal was argued in this Court on March 29, 2022. See United States v. Banks, C.A. Nos. 19-3812 (Doc. 92) & 20-2235 (Doc. 84).

The subject of *this* appeal is the District Court's March 25, 2022 memorandum order in Banks's criminal case denying without prejudice certain motions he filed pro se.

Specifically, the District Court rejected Banks's motion for compassionate release (his sixth such motion) in part because Banks's "risk of contracting a severe case of COVID-19 based on his stated medical conditions does not amount to an extraordinary and compelling reason for release, particularly in light of the fact that Mr. Banks is vaccinated and the COVID-19 situation at Fort Dix, where Mr. Banks is currently housed, appears well controlled." The District Court denied the motion for compassionate release "without prejudice subject to reassertion should new circumstances warrant."

In addition, the District Court rejected on mootness grounds Banks's motion to compel his former counsel to produce documents to current appellate counsel. The District Court invited appellate counsel to respond to Banks's motion, and she accurately represented to the District Court that Banks's direct appeal is fully briefed and awaiting disposition. The District Court denied the motion to compel "without prejudice subject to its reassertion by Mr. Banks' appellate counsel in the proper forum." The District Court declined Banks's request to refer his former counsel to the Disciplinary Board of Pennsylvania.

We first consider our jurisdiction. See Reifer v. Westport Ins. Corp., 751 F.3d 129, 133 (3d Cir. 2014). Insofar as the District Court denied Banks's motions "without prejudice," the March 25, 2022 order may not, at first glance, appear final and immediately appealable. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). But the "without prejudice" labels in the March 25, 2022 order belie its conclusiveness. Cf. Weber v. McGrogan, 939 F.3d 232, 236 (3d Cir. 2019) ("A 'final decision' is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (citation omitted). The labels were followed by instruction to Banks and his counsel that they could take action permissible regardless of whether the motions were dismissed with or without prejudice. For example, because the statute providing the authority for a compassionate-release motion contains no numerical limitations, even a *with-prejudice* denial of Banks's motion would not bar him from filing another one based on, in the District Court's words, "new circumstances" (a fact of which the prolific Banks is keenly aware). Therefore, the March 25, 2022 order is "final" under 28 U.S.C. § 1291, and we have appellate jurisdiction.

Turning to the substance of the appeal, we conclude that the District Court did not err in resolving Banks's motions. In particular, the District Court did not abuse its discretion in denying Banks's sixth motion for compassionate release. See United States v. Andrews, 12 F.4th 255, 262 (3d Cir. 2021) ("Courts wield considerable discretion in compassionate-release cases, and we will not disturb a court's determination unless we are left with a 'definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'") (citation omitted);

cf. Garrett v. Murphy, 17 F.4th 419, 433 (3d Cir. 2021). The District Court also acted appropriately in rebuffing Banks's efforts to undermine the orderly disposition of a fully briefed, counseled direct appeal.

Finally, although the District Court did not explicitly address in its order the merits of Banks's serial bail request, the District Court: acknowledged in the order's introductory paragraph that it was considering Banks's "Motion for Compassionate Release . . . *and Motion for Bail Pending Appeal and Release*" (DC ECF No. 1471) (emphasis added); and perhaps—permissibly—denied the bail request by implication when it seemingly denied the motion in total. See DLJ Mortg. Cap., Inc. v. Sheridan, 975 F.3d 358, 369 & n.48 (3d Cir. 2020); see also United States v. Claxton, 766 F.3d 280, 290, 301 (3d Cir. 2014) (determining that the Court would treat "the District Court's failure to issue an explicit ruling as an implicit denial" of the appellant's motion). In any event, there is no merit to the bail request, for essentially the reasons we set forth in United States v. Banks, C.A. No. 21-3190, 2022 WL 444262, at *2 (3d Cir. Feb. 14, 2022) (per curiam) (relying on United States v. Provenzano, 605 F.2d 85, 95 (3d Cir. 1979)). So even assuming, arguendo, that the District Court simply overlooked the bail request, no relief for Banks is due. Cf. 28 U.S.C. § 2111 (codifying harmless error rule).

Ultimately, because this appeal presents no substantial question, we grant the Government's motion for summary affirmance, see 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018), and we will affirm the District Court's judgment.