**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**D.W. SNYDER, Defendant–Appellant.**

**No. 91–7075.**

United States Court of Appeals,
Fifth Circuit.

Oct. 28, 1991.

Thomas E. Royals, Royals & Hartung, Jackson, Miss., Robert Glass, Glass & Reed, New Orleans, La., for defendant-appellant.

George Phillips, U.S. Atty., Jackson, Miss., for plaintiff-appellee.

Before POLITZ and DUHÉ, Circuit Judges.[1]

DUHÉ, Circuit Judge.

This case presents an issue that has not been addressed before. We must decide which court or courts have jurisdiction to decide whether to release a criminal defendant on bail pending a ruling by the Supreme Court of the United States on his petition for writ of certiorari. We hold that the Supreme Court, the court of appeals, and the district court have concurrent jurisdiction. Accordingly, the judgment of the district court, in which it held

---

1. Judge Alvin B. Rubin was a member of the original panel but died on June 11, 1991, before this decision was rendered. This matter is be-

ing decided by a quorum. *See* 28 U.S.C.A. § 46(d) (West Supp.1991).

itself without jurisdiction to consider the Defendant's bail application, has been reversed.[2]

## I.

A jury convicted the Defendant of bribery, extortion, and tax evasion, and the district court sentenced him to eight years in prison. He appealed to this Court and was free on bond pending our decision. We affirmed the convictions and denied rehearing and rehearing en banc, *United States v. Snyder*, 930 F.2d 1090 (5th Cir. 1991). We then issued our mandate.

The Defendant advised the district court that he would file a petition for a writ of certiorari and asked to be continued on bond. The district court held itself without jurisdiction, but did allow the Defendant to remain free until he surrendered himself to the institution designated by the Federal Bureau of Prisons.

The Defendant timely filed his petition for certiorari and again applied to the district court for release on bail pending disposition by the Supreme Court. Again, the district court held itself without jurisdiction. The Defendant appeals this judgment. He concedes that the earlier judgment of the district court, on the issue of jurisdiction to consider release on bond during the period before the petition for certiorari had been filed, is moot.

## II.

Because the Defendant is asking to be released while his petition for certiorari is pending, he falls squarely under 18 U.S.C.A. § 3143(b) (West Supp.1991). That section requires "that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who

has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer" makes certain findings. The language of the statute shows that *some* judicial officer can make this determination. We must decide *which* judicial officer or officers.

■ There is no definition of "judicial officer" in § 3143. The logical place to look for a definition is in the beginning of this chapter, "Release and Detention Pending Judicial Proceedings." The first section in the chapter is § 3141. Subsection 3141(a) states that "[a] judicial officer authorized to order the arrest of a person under section 3041" must decide whether to release the person pending trial. *Id.* § 3141(a). Section 3041 lists these judicial officers, and federal district and appellate judges and Justices are included.[3] Thus, all judges in the federal system have the power to decide whether to release an alleged offender pending trial.

Subsection (b) states that pending sentence or appeal, this decision rests with "[a] judicial officer of a court of original jurisdiction over an offense, or a judicial officer of a Federal appellate court." Again, as under subsection (a), all of the levels in the federal system have concurrent jurisdiction.

■ Later sections in the chapter continue to refer to "the judicial officer," but without explanation of which one. All of the sections in the chapter are in pari materia and should be construed together. *United States v. Caldera–Herrera*, 930 F.2d 409, 411 (5th Cir.1991). Thus, "judicial officer" in § 3143(b) must mean the same thing that it meant two sections before. All levels in the federal system have

2. Because of the pressing nature of this appeal, we have already issued an order reversing the judgment, and we remanded the matter for the district court to consider the Defendant's application for bail. This opinion gives the reasons for our order.

3. For the present case, we are only concerned with federal judicial officers. The statute is broader, stating, "For any offense against the United States, the offender may, by any justice or judge of the United States, or by any United

States magistrate, or by any chancellor, judge of a supreme or superior court, chief or first judge of common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where the offender may be found, and at the expense of the United States, be arrested and imprisoned, or released as provided [by law], as the case may be, for trial before such court of the United States as by law has cognizance of the offense...." 18 U.S.C.A. § 3041 (West 1985).

jurisdiction to determine a bail application while the defendant's petition for certiorari is pending.[4]

■ Our conclusion is consistent with other authority. The Supreme Court has implicitly recognized that a district court is better situated than this Court or the Supreme Court to find the facts necessary to making a bail determination. *Mathis v. United States*, 389 U.S. 801, 88 S.Ct. 8, 19 L.Ed.2d 53 (Fortas, Circuit Justice 1967) (granting application for bail and remanding to district court for determination of amount or conditions of bail). At least one district court has considered a bail application while a petition for certiorari was pending, although the district court did not consider the jurisdictional issue. *United States v. Stout*, Crim. No. 89–317–1–2, 1991 WL 152925, at *1, 1991 U.S. Dist. LEXIS 10991, at *1 (E.D.Pa. Aug. 5, 1991). The Supreme Court has also acknowledged that the courts of appeals have jurisdiction to decide bail applications pending a ruling on a petition for certiorari. *Roth v. United States*, 77 S.Ct. 17, 18, 1 L.Ed.2d 34 (Harlan, Circuit Justice 1956).

■ That our mandate in this case has issued is not an impediment to the jurisdiction of the district court. In a criminal case, when our mandate affirming a conviction is issued, the matter returns to the district court for execution of the judgment of conviction. The district court is not divested of jurisdiction.

Further, the general rule that the district court is without jurisdiction when an appeal is taken does not apply in this context. The purpose of the general rule is to allow the orderly process of review, assuring "that once a case has left the district court and is proceeding to the court of appeals and thence to the Supreme Court, the district court cannot make changes in the record of the case or in the disposition made of it." *United States v. Ellenbogen*,

390 F.2d 537, 542 (2d Cir.), *cert. denied*, 393 U.S. 918, 89 S.Ct. 241, 21 L.Ed.2d 206 (1968). When a lower court makes a bail determination, the record presented for review is not significantly changed. Thus, a district court may decide whether to admit a defendant to bail while his appeal is pending before the court of appeals. Fed. R.App.P. 9(b). The record is no more changed when a petition for certiorari is pending than when an appeal is pending.

### III.

For the foregoing reasons, we hold that the district court, the court of appeals, and the Supreme Court of the United States, and judges and Justices thereof, have concurrent jurisdiction to rule on bail applications while a petition for a writ of certiorari is pending. Accordingly, this matter has been

REVERSED and REMANDED.

---

**4.** The situation before us now concerns a defendant who has filed a petition for a writ of certiorari. Thus, it does not fall squarely under § 3141(b), which concerns the pendency of sentencing or appeal, because a petition for a writ of certiorari technically is not an appeal. We

do not hold that § 3141(b) applies to pending certiorari petitions; § 3143(b) does. Rather, we hold that the definition of "judicial officer" in § 3141(b) is the same as under § 3143(b): without a definition in § 3143, we read the sections together and apply the definition from § 3141.