**UNITED STATES of America,**
**Appellee,**

v.

**Gene Anthony HOCHEVAR,**
**Defendant–Appellant.**

**Docket No. 00–1289**

United States Court of Appeals,
Second Circuit.

Motion submitted June 13, 2000

Decided: June 14, 2000

David C. Esseks, Assistant United States Attorney, New York, New York (Mary Jo White, United States Attorney for the Southern District of New York, New York, New York, on the brief), for Appellee.

John W. Coyle, III, Oklahoma City, Oklahoma (Coyle, McCoy & Burton, Oklahoma City, Oklahoma, on the brief), for Defendant-Appellant.

Before: KEARSE, SACK, and SOTOMAYOR, Circuit Judges.

PER CURIAM:

Defendant Gene Anthony Hochevar has moved in this Court pursuant to Fed. R.App. P. 9(b) for an order continuing his release pending appeal from a judgment of conviction entered in the United States District Court for the Southern District of New York, Richard Owen, *Judge.* The judgment convicting Hochevar of wire fraud, securities fraud, and conspiracy to commit those offenses, in violation of, *inter alia,* 18 U.S.C. § 1343, 15 U.S.C. §§ 78j(b), 78ff, and 18 U.S.C. § 371, and sentencing him principally to concurrent terms of 21 months' imprisonment, was entered on or about April 25, 2000. Hochevar, who was neither in custody at the time of trial nor detained after the jury returned its verdict, was ordered to surrender for imprisonment on June 19, 2000.

Following entry of the judgment, Hochevar did not move in the district court for an order continuing his release pending appeal. On June 2, 2000, he moved in this Court for such an order. For the reasons that follow, we conclude that, no motion having been made in the district court, the present motion is improperly brought in this Court, and we therefore deny the motion, without prejudice to Hochevar's seeking such relief in the district court.

Rule 9 of the Federal Rules of Appellate Procedure ("FRAP Rules"), which governs release in a criminal case, provides as follows with respect to a request for release after a judgment of conviction has been entered:

> **(b) Release After Judgment of Conviction.** A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction.

Fed. R.App. P. 9(b). FRAP Rule 9(a), which governs release prior to a judgment of conviction, provides, in pertinent part, that "[t]he district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case." Fed. R.App. P. 9(a)(1).

■ We do not view the language of Rule 9(b) as authorizing a defendant to make his bail motion initially in the court of appeals. Prior to 1994, the first sentence of Rule 9(b) stated specifically that "[a]pplication for release after a judgment of conviction shall be made in the first instance in the district court." Fed. R.App. P. 9(b) (1984) (amended 1994). Although that first sentence was changed in 1994, its substance was not altered, as the current first sentence focuses squarely on "review of a district-court order," Fed. R.App. P. 9(b). And while the current version of Rule 9(b) also refers to "a motion in the court of appeals," the language of the Rule makes it clear that such a motion is simply the method "by" which "[a] party entitled to do so may obtain review of a district-court order regarding release after a judgment … if the party has already filed a notice of appeal from the judgment of conviction." Fed. R.App. P. 9(b).

The Advisory Committee notes accompanying Rule 9 reinforce our view that subdivision (b) was not intended to authorize a defendant to seek release in the court of appeals in the first instance. To the extent pertinent here, that commentary states as follows:

> Subdivision (a) governs appeals from bail decisions made before the judgment of conviction is entered at the time of sentencing. *Subdivision (b) governs review of bail decisions made after sentencing and pending appeal.*
>
> . . . .
>
> **Subdivision (b).** *This subdivision applies to review of a district court's decision* regarding release made after judgment of conviction. As in subdivision (a), the language has been changed to accommodate the government's ability to seek *review.*
>
> *The word "review" is used in this subdivision, rather than "appeal" because review may be obtained, in some instances, upon motion. Review* may be obtained by motion if the party has already filed a notice of appeal from the judgment of conviction. If the party desiring *review* of the release decision has not filed such a notice of appeal, *review* may be obtained only by filing a notice of appeal from the order regarding release.
>
> The requirements of subdivision (a) apply to both the order and the review. That is, the district court must state its reasons for the order. The party seeking review must supply the court of appeals with the same information required by subdivision (a). In addition, the party seeking review must also supply the court with information about the conviction and the sentence.

Fed. R.App. P. 9 Advisory Committee Note (1994) (emphases added).

In sum, we see nothing in the terms of Rule 9(b) or in its history to suggest that a defendant is authorized to move for release pending appeal in the court of appeals in the first instance.

Further, given the findings that must be made in order to warrant release, it is generally more appropriate that the motion be made initially in the district court. FRAP Rule 9(c) provides that, in considering release following a conviction, the court must apply the criteria set out in 18 U.S.C. § 3143. To the extent pertinent here, that section provides as follows:

> [T]he judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . ; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
>
> (i) reversal,
>
> (ii) an order for a new trial,
>
> (iii) a sentence that does not include a term of imprisonment, or
>
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1). When release is sought before the appeal has been briefed and argued, the district court, having greater familiarity with the record, is normally in a far better position than the court of appeals to make such determinations in the first instance.

█ We note that the requirement that a defendant move first in the district court is not a jurisdictional requirement. *See* Fed. R.App. P. 2 (other than expanding the time for appeal, "a court of appeals may . . . for . . . good cause[,] suspend any provision of these rules in a particular case"). And if a defendant moved for bail after his appeal had been fully briefed and argued, placing this Court in a better position than the district court to assess the merits and likely outcome of the appeal, we could exercise our discretion under Rule 2 to suspend the Rule 9(b) requirement that the defendant's motion for release be first made in the district court.

In the present case, however, Hochevar's notice of appeal to this Court was filed in April; but briefs on the merits have not been filed, and the appeal has not been argued. The district court, after imposing sentence, made statements indicating that it viewed Hochevar as unlikely to flee; but it made no evaluation or prognosis with respect to any questions for appeal. We are thus ill-equipped to make the judgments called for by § 3143(b)(1), and no such findings are available for review.

Accordingly, we deny Hochevar's motion for continued release pending this appeal, without prejudice to his making such a motion in the district court.