**UNITED STATES,**

v.

**Alan FRASER.**

**Criminal Action No. 99–424–01.**

United States District Court,
E.D. Pennsylvania.

June 27, 2001.

Joel D. Goldstein, U.S. Attorney's Office, Philadelphia, PA, for plaintiff.

Jeffrey M. Miller, Nasuti & Miller, Philadelphia, PA, William A. Fitzpatrick, Philadelphia, PA, for defendant.

Alan Fraser, Fort Dix, NJ, pro se.

## MEMORANDUM

EDUARDO C. ROBRENO, District Judge.

Before the court is defendant Fraser's *pro se* motion requesting bail pending appeal. The motion raises two issues: One, does this court have jurisdiction to hear defendant Fraser's motion given that an appeal from the judgment of conviction is pending in the Third Circuit; two, even if the court has jurisdiction, is Fraser entitled to relief on the merits.

For the reasons that follow, the court finds that it does have jurisdiction under 18 U.S.C. § 3143(b) to consider defendant Fraser's motion and that the court's jurisdiction is not limited by Rule 9 of the Federal Rules of Appellate Procedure. However, because 18 U.S.C. § 3143(b)(2) does not authorize the release pending appeal of a defendant who has committed a "crime of violence" and because 18 U.S.C. § 2252(a)(2), the statutory provision to which defendant Fraser pled guilty, is defined as a "crime of violence" under the Bail Reform Act, the court denies defendant Fraser's motion for application of bail pending appeal.

### I.

On July 22, 1999, defendant Fraser was indicted on fourteen separate counts involving the receipt and transmittal of child pornography on the internet. The charges against defendant Fraser included one count of conspiracy to transport visual depictions of minors engaged in sexually explicit conduct, one count of interstate shipment of visual depictions of minors engaged in sexually explicit conduct, eleven (11) counts of distribution and receipt of visual depictions of minors engaged in sexually explicit conduct, and one count of possession of items containing visual depictions of minors engaged in sexually explicit conduct. At defendant Fraser's arraignment on August 19, 1999, Magistrate Judge Peter B. Scuderi ordered defendant Fraser released on $10,000 O/R bond and established the following conditions. Defendant Fraser was (1) only permitted to travel in the Eastern District of Pennsylvania, the District of New Jersey, and Harrisburg, Pennsylvania; (2) required to regularly report by telephone to Pretrial Services; and (3) surrender his passport and any firearms in his possession.

On September 20, 1999, defendant Fraser, pursuant to a plea agreement, entered a plea of guilty to count four of the indictment—transmitting via the internet visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). At the hearing in which defendant Fraser entered his plea of guilty, defendant Fraser admitted that on Sep-

tember 26, 1994, he uploaded child pornography on the internet and sent that pornography to eighteen (18) America Online subscribers. The court ordered that defendant Fraser be released pending his sentencing without objection by the Government on the same conditions imposed by Magistrate Judge Scuderi.

On April 19, 2000, the court sentenced defendant Fraser to seventeen (17) months imprisonment, three years of supervised release, a fine of $1,000, and a special assessment of $100. Defendant Fraser was required to self surrender on June 6, 2000 to an institution designated by the Bureau of Prisons. The court also ordered that the bail conditions imposed on defendant Fraser remain in place and included an additional condition that defendant Fraser remain under the care of Dr. McClain, a licensed clinical psychologist. The judgment of conviction was entered on April 21, 2001.

On April 24, 2000, defendant Fraser filed a notice of appeal from the judgment of conviction with the United States Court of Appeals for the Third Circuit ("Third Circuit"). On April 26, 2000, defendant Fraser filed with the Third Circuit a motion to continue bail pending appeal. On June 5, 2000, the Third Circuit without comment denied defendant Fraser's motion to continue bail pending appeal. On June 6, 2000, defendant Fraser began serving his seventeen (17) month sentence.

On April 23, 2001, defendant Fraser filed the instant *pro se* motion in this court requesting bail pending appeal pursuant to 18 U.S.C. § 3143(b). In his motion, defendant Fraser argues that he meets the requirements under 18 U.S.C. § 3143(b) for bail pending appeal for the following reasons. First, defendant Fraser asserts he does not pose a risk of flight or a danger to the community or any other person. Second, defendant Fraser states that his appeal is not for the purpose of delay. Third, and finally, defendant Fraser argues that his appeal raises a substantial question of law which is likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence.

The Government opposes the motion on the grounds that this court lacks jurisdiction to entertain it. The Government argues that Rule 9 of the Federal Rules of Appellate Procedure ("Rule 9") requires that the defendant must file the motion for bail pending appeal with the Third Circuit, where he has appealed the judgment of conviction entered by this court. In addition, the Government argues that defendant Fraser's motion is untimely under Local Appellate Rule 9.1 because he failed to file the motion at or near the time that he filed his appeal to the judgment of conviction. Finally, the Government argues that, even if this court had the power to hear defendant Fraser's motion, defendant Fraser has failed to meet the requirements of 18 U.S.C. § 3143 because his appeal does not raise a substantial question of law.

## II.

█ The appropriate standard for determining whether to release or detain a defendant pending trial, sentence, or appeal is set forth in 18 U.S.C. §§ 3142 ("section 3142") and 3143 ("section 3143"). Section 3143 provides that a defendant who wishes to obtain an order for his release pending appeal must apply for such an order *after* he has been adjudged guilty, sentenced to a term of imprisonment, and filed an appeal or a petition for writ of certiorari.[1] *See* 18 U.S.C.

---

1. The relevant portion of Section 3143(b) reads:

§ 3143(b). "[A]n application for release after a judgment of conviction must be made in the first instance to the district court, notwithstanding that the jurisdiction of the court of appeals has already attached by virtue of the appeal from the judgment of conviction." *United States v. Provenzano,* 605 F.2d 85, 91 (3d Cir.1979).

Whereas section 3143(b) outlines the appropriate standard and procedure for obtaining an order of release from the district court following a judgment of conviction, Rule 9(b) details the procedure for obtaining a *review* of such an order. Rule 9(b)[2] reads in pertinent part:

> A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction.

As stated in the Advisory Notes for 1994, the last time Rule 9 was substantially revised, "subdivision [ (b) ] applies to *review*

of a district court's decision regarding release *made after judgment of conviction.*" F.R.A.P. 9, Advisory Notes to Subdivision (b) of 1994 Amendments (emphasis added).

■ In this case, defendant Fraser never applied to this court for an order regarding release pending appeal. Thus, the court never had the opportunity to consider defendant Fraser's request for bail pending appeal. Notwithstanding his failure to first request release pending appeal from the district court, defendant Fraser sought his release by filing a motion with the Third Circuit. Although Rule 9(b) provides that the court of appeals may review district court orders regarding detention and release pending appeal, it does not authorize petitioner to bypass the district court and request a release order directly from the court of appeals. *See* F.R.A.P. 9(b) (stating party seeking appellate review of district court's order regarding release after judgment must follow the requirements of Rule 9(a) which mandates that "a copy of the district court's order and the court's statement of reasons" be

---

(1) **Release or detention pending appeal by the defendant.**—Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal.

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

. . . .

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

2. Rule 9(b) reads in its entirety:

(b) **Release After Judgment of Conviction.** A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction.

included with the request for review).[3] Because defendant Fraser never presented a request for release pending appeal to the district court, Rule 9 (a rule which authorizes the court of appeals to review district court orders regarding release and detention) has no relevance in determining whether the court has jurisdiction to hear defendant Fraser's request for release.[4]

■ For similar reasons, the court rejects the Government's argument that, under Local Appellate Rule 9.1 ("L.A.R. 9.1"),[5] defendant Fraser's motion is untimely. L.A.R. 9.1 deals with appeals from orders relating to release or detention. As stated above, defendant Fraser never requested such an order. Therefore, L.A.R. 9.1 has no relevance to the situation before the court as the rule deals with the appropriate timing for *appeals* from orders regarding release or detention, not with the timing of requests for an order regarding release or detention. The court concludes that under § 3143(b) it has jurisdiction to hear defendant Fraser's motion.

The issue then is whether on the merits an order regarding release pending appeal may issue with respect to defendant Fraser under the circumstances of this case.

Under the first paragraph of section 3143(b), the district court must detain a

---

3. Rule 9(a) reads in its entirety:

   (a) **Release Before Judgment of Conviction**. (1) The district court must state in writing, or orally on the record, the reasons for an order regarding the release or detention of a defendant in a criminal case. A party appealing from the order must file with the court of appeals a copy of the district court's order and the court's statement of reasons as soon as practicable after filing he notice of appeal. An appellant who questions the factual basis for the district court's order must file a transcript of the release proceedings or an explanation of why a transcript was not obtained. (2) After reasonable notice to the appellee, the court of appeals must promptly determine the appeal on the basis of the papers, affidavits, and parts of the record that the parties present or the court requires. Unless the court so orders, briefs need not be filed. (3) The court of appeals or one of its judges may order the defendant's release pending the disposition of the appeal.

4. In reaching this conclusion, the court notes that the Third Circuit did dismiss defendant Fraser's motion but never provided an explanation for its decision. Nevertheless, the fact that the Third Circuit dismissed defendant Fraser's motion, does not prevent this court from issuing a written order regarding defendant Fraser's release or detention pending appeal now that he has properly made that request before this court. *See United States v. Hochevar*, 214 F.3d 342, 344 (2d Cir.2000)

(finding that Rule 9(b) does not require that defendant "to make his bail motion initially in the court of appeals," even if the defendant already filed a notice of appeal from the judgment of conviction); *United States v. Provenzano*, 605 F.2d 85, 90 (3d Cir.1979) (noting that district court does not lose jurisdiction to decide whether or not to release defendant on bail pending appeal despite jurisdiction attaching to the court of appeals upon defendant's filing notice of appeal).

5. Local Appellate Rule 9.1 reads as follows:

   (a) **Appeals of Orders Relating to Release or Detention Before Judgment of Conviction**. An appeal from an order granting or denying release form custody with or without bail or for detention of a defendant prior to judgment of conviction shall be by motion filed either concurrently with or promptly after filing a notice of appeal. The movant shall set forth in the body of the motion the applicable facts and law and attach a copy of the reasons given by the district court for its order. The opposing party may file a response within three (3) days after service of the motion, unless the Court directs that the time shall be shortened or extended. (b) **Release After Judgment of Conviction**. Requests for release from custody or for detention of a defendant after judgment or conviction shall be by motion filed expeditiously. The time periods and form requirements set forth in 3rd Cir. LAR 9.1(a) are applicable to such motions.

defendant who has been adjudged guilty, has been sentenced to a term of imprisonment, and has filed an appeal of his judgment of conviction unless the court finds "by clear and convincing evidence that the [defendant] is not likely to flee or pose a danger to the safety of any other person or the community if released" and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact...." 18 U.S.C. § 3143(b)(1). However, the district court "shall order that a [defendant] who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 [6] and sentenced to a term of imprisonment, and who has filed an appeal ... *be detained.*" 18 U.S.C. § 3143(b)(2) (emphasis added).

Subparagraph A of subsection (f)(1) of section 3142 refers to crimes of violence. Under 18 U.S.C. § 3156 of the Bail Reform Act, a "crime of violence" is defined as "any felony under chapter 109A [18 U.S.C. § 2241 *et seq.*], 110 [18 U.S.C. § 2251 *et seq.*] or 117 [18 U.S.C. § 2421 *et seq.*]...." [7] Chapter 110 encompasses the federal criminal statutes regarding sexual exploitation of children and includes 18 U.S.C. § 2252(a)(2), the statutory provision to which defendant Fraser entered a plea of guilty. Because the crime of sexual exploitation of children under 18 U.S.C. § 2252(a)(2) is statutorily defined as a "crime of violence" in the Bail Reform Act,

defendant Fraser must be detained pending appeal. *See* 18 U.S.C. § 3143(b)(2).[8]

### III.

Rule 9 does not divest this court of jurisdiction under section 3143(b) to issue orders regarding the release or detention pending appeal of a defendant. Rather, Rule 9 provides a mechanism for review by the courts of appeal of an order entered by the district court regarding release or detention. However, because 18 U.S.C. § 3143(b)(2) does not authorize the release pending appeal of a defendant who has been adjudged guilty of a "crime of violence," which, under the Bail Reform Act includes 18 U.S.C. § 2252(a)(2), the statute as to which defendant Fraser entered a plea of guilty, defendant Fraser's motion for bail pending appeal is denied.

An appropriate order follows.

### *ORDER*

**AND NOW**, this **27th** day of **June, 2001**, upon consideration of defendant's *pro se* motion for application for bail pending appeal pursuant to 18 U.S.C. § 3143, the Government's response to defendant's motion, and defendant's reply to the Government's response, it is hereby **ORDERED** that defendant's motion (doc. no. 41) is **DENIED.**

**AND IT IS SO ORDERED.**

---

**6.** 18 U.S.C. § 3142(f)(1)(A)–(C) lists the relevant crimes as:

(A) a crime of violence;
(B) an offense for which the maximum sentence is life imprisonment or death;
(C) an offense for which the maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or the Maritime Drug

Law Enforcement Act (46 U.S.C.App. 1901 et seq.)

**7.** 18 U.S.C. § 3156 was amended on September 13, 1994 to include crimes involving sexual exploitation of children as a crime of violence under the Bail Reform Act.

**8.** Defendant Fraser does not argue that he is entitled to be released pursuant to 18 U.S.C. § 3145(c).