**Vincent LOFTON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 06–CO–1611.**

District of Columbia Court of Appeals.

Decided May 24, 2007.

———

Before FISHER, Associate Judge, and KING and STEADMAN, Senior Judges.

FISHER, Associate Judge:

Following a trial by jury, appellant Lofton was convicted of first degree child sexual abuse (D.C.Code § 22–3008 (2001)). After he was sentenced to fourteen years in prison, Lofton filed a motion for release pending appeal. The Superior Court denied the motion, concluding that it lacked jurisdiction because Lofton had already filed a notice of appeal from the conviction. Lofton asked us to review the decision denying release, and we recently entered an order remanding the matter. Because this can be a confusing area of the law, and this court has no decision directly on point, we issue this brief opinion to clarify that the Superior Court has the authority, and the duty, to rule upon motions for release pending appeal.

 The "initial resolution of an application for release pending appeal is a function historically committed to trial judges." *United States v. Stanley,* 152 U.S.App. D.C. 170, 175, 469 F.2d 576, 581 (1972). *Accord, United States v. Provenzano,* 605 F.2d 85, 91 (3d Cir.1979). "The trial court is not only the traditional but also the superior tribunal for the kind of information-gathering which a sound foundation for a bail ruling almost inevitably requires." *Stanley,* 152 U.S.App. D.C. at 175–76, 469 F.2d at 581–82. *See* D.C.Code § 23–1325(c) (2001) (establishing standards for release pending appeal).

This remains true even if the defendant has filed a notice of appeal from his conviction. In this respect, we follow the practice of the federal courts. "Although the filing of a notice of appeal usually divest[s] the [trial] court of further jurisdiction, the initial determination of whether a convicted defendant is to be released pending appeal is to be made by the [trial] court." *United States v. Meyers,* 95 F.3d 1475, 1488–89 n. 6 (10th Cir.1996). *Accord, United States v. Snyder,* 946 F.2d 1125, 1127 (5th Cir.1991) ("[A] district court may

decide whether to admit a defendant to bail while his appeal is pending before the court of appeals."); *Provenzano*, 605 F.2d at 91 (application for release pending appeal must "be made in the first instance to the district court, notwithstanding that the jurisdiction of the court of appeals has already attached by virtue of the appeal from the judgment of conviction"). *Cf. Stebbins v. Stebbins*, 673 A.2d 184, 190 (D.C.1996) (giving examples of issues a trial court may address after a notice of appeal has been filed).

The rule of appellate procedure dealing with such matters speaks of this court's "*review* of an order regarding release or detention after a judgment of conviction...." D.C.App. R. 9(b) (emphasis added).[1] This language clearly assumes that the trial court previously has issued such an order. Construing the nearly identical provisions of Fed. R.App. P. 9(b), and the history of that rule, the United States Court of Appeals for the Second Circuit concluded that the motion for release pending appeal which had been submitted to it should have been presented to the district court in the first instance. *United States v. Hochevar*, 214 F.3d 342, 343 (2d Cir.2000).[2] Accordingly, it denied the defendant's motion "without prejudice to his making such a motion in the district court." *Id.* at 344.[3]

---

1. D.C.App. R. 9 provides as follows:

 **Rule 9. Release or Detention in a Criminal Case.**

 The Superior Court must state in writing, or orally on the record, the reasons for any order detaining a defendant in a criminal case. If the Superior Court orders the release of a defendant and the prosecution indicates an intent to appeal that decision, the judge must state reasons for the action taken. A request for relief by this court from an order of detention must be accompanied by an affidavit executed by the party or attorney requesting the relief, addressing each point enumerated in Form 6. Additionally:
 (a) *Release or Detention Before Judgment of Conviction.* A party appealing from an order regarding detention or release before a judgment of conviction must follow the procedures stated in Rule 4(c)(2) (Emergency Appeals). Following reasonable notice to the appellee, the court will determine the appeal promptly on the basis of the papers and parts of the record that the parties present or the court requires.
 (b) *Release or Detention After Judgment of Conviction.* A party requesting review of an order regarding release or detention after a judgment of conviction must file a notice of appeal from that order in the Superior Court, or a motion in this court if the party has already filed a notice of appeal from the judgment of conviction. The party must then follow the relevant procedures stated in Rule 4(c)(1) (Expedited Appeals). The papers filed must include a copy of the judgment of conviction.

2. "Prior to 1994, the first sentence of [Federal] Rule 9(b) stated specifically that '[a]pplication for release after a judgment of conviction shall be made in the first instance in the district court.' Fed. R.App. P. 9(b) (1984) (amended 1994)." *Hochevar*, 214 F.3d at 343. Before its revision in 2003, our own rule established procedures for reviewing "[a]n order of a trial judge concerning release on bail after conviction and pending appeal...." D.C.App. R. 9(b)(2)(*ii*) (1985). Although the language of these rules has been amended, no change in practice was intended. The motion must be filed in the trial court in the first instance.

3. This procedural requirement is based on practical considerations concerning efficient judicial administration. In a truly extraordinary situation (and assuming an appeal of the conviction were already pending before this court), we might be willing to consider a motion for release presented to us in the first instance. *Cf. Hochevar*, 214 F.3d at 344 (noting "that the requirement that a defendant move first in the district court is not a jurisdictional requirement" limiting the power of the court of appeals and describing circumstances in which it might be willing to entertain the motion in the first instance). Even if such circumstances existed, however, the trial court would not lack jurisdiction to rule upon a motion for release presented to it.

In sum, the Superior Court retains jurisdiction to rule upon a motion for release pending appeal. If the defendant is dissatisfied with the trial court's ruling on that motion, the procedure for seeking our review varies depending on the procedural posture of the criminal case. If the defendant "has already filed a notice of appeal from the judgment of conviction," he must seek review by filing a motion addressed to this court in the pending appeal. D.C.App. R. 9(b). If he has not yet appealed the conviction, he "must file a notice of appeal" from the Superior Court's "order regarding release or detention after a judgment of conviction. . . ." *Id.*

Because the Superior Court mistakenly thought that it lacked jurisdiction, we reversed its order and remanded for consideration of appellant's motion for release pending appeal.