DLD-072                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3190
_____

UNITED STATES OF AMERICA

v.

FREDERICK H. BANKS,
                                      Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:15-cr-00168-001)
District Judge:  Honorable Mark R. Hornak
_____

Submitted on Appellee's Motion Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

January 27, 2022
Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: February 14, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Frederick H. Banks was convicted by a federal jury of wire fraud and aggravated identify theft. He was sentenced by the District Court to an aggregate 104 months in prison. At the time of this writing, Banks's counseled direct appeal is pending. See United States v. Banks, C.A. Nos. 19-3812 & 20-2235 (3d Cir.).

The subject of the instant appeal is the District Court's November 2, 2021 order denying without prejudice Banks's pro se motions for bail pending his direct appeal, for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), and for dismissal of the superseding indictment on jurisdictional grounds. We first consider our jurisdiction. See Reifer v. Westport Ins. Corp., 751 F.3d 129, 133 (3d Cir. 2014).

To the extent that the District Court denied two of Banks's motions—for bail and dismissal of the indictment—without prejudice to reassertion by counsel in Banks's direct appeal, the District Court's November 2, 2021 order may not, at first glance, appear final and immediately appealable. See Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). As a practical matter, however, under the terms of the order Banks himself cannot amend to present the arguments pro se, as he wishes to. And, in any event, he does not have the options that the District Court described: with respect to his challenge to the indictment, Banks's opening brief in the direct appeal had already been filed at the time of the District Court's ruling, see In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016) (holding that arguments not developed in the opening brief are forfeited);

2

and with respect to the bail motion, counsel in the direct appeal will not, as a matter of procedure, be able to obtain Banks's desired review under Federal Rule of Appellate Procedure 9 of the District Court's bail determination. Cf. 3d Cir. L.A.R. 9.1 (2011).

We thus exercise jurisdiction under 28 U.S.C. § 1291. After independent assessment, we conclude that the District Court did not abuse its discretion or otherwise err in denying Banks's motions. Cf. United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021); United States v. Provenzano, 605 F.2d 85, 92-93 (3d Cir. 1979).

As Banks is not entitled to so-called "hybrid representation," the District Court did not err in declining to entertain Banks's jurisdictional attack on the indictment that led to the criminal judgment currently being challenged on appeal by Banks through appointed counsel. See McKaskle v. Wiggins, 465 U.S. 168, 183 (1984). In addition, the District Court acted well within its discretion when it denied a motion for compassionate release that added nothing new of consequence to Banks's previous and unsuccessful *four* such motions—motions that were filed over a relatively short stretch of time and were, the record shows, each carefully considered by the District Court. Cf. Andrews, 12 F.4th at 262 ("Courts wield considerable discretion in compassionate-release cases, and we will not disturb a court's determination unless we are left with a 'definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.'") (citation omitted).

Finally, the District Court rightly rejected Banks's attempt to secure bail pending his direct appeal. The standard for obtaining that relief is difficult to satisfy: Banks would have had to show that (a) there is clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released, and (b) the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence. See 18 U.S.C. § 3143(b)(1).[1] In reaching the conclusion that Banks failed to produce clear and convincing evidence that he is neither a flight risk nor a danger to others, the District Court appropriately focused on Banks's significant (albeit non-violent) criminal history. See DC ECF No. 1418 at 9-10; cf. Provenzano, 605 F.2d at 95 (holding "that a defendant's propensity to commit crime generally, even if the resulting harm would be not solely physical, may constitute a sufficient risk of danger to come within the contemplation of the [Bail Reform] Act."). In his filings for this appeal, Banks offers nothing that would disturb the District Court's decision, and we separately discern no viable basis to do so.

Because this appeal presents no substantial question, we will grant the Government's motion for summary affirmance. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018).

---

[1] The initial determination of whether a convicted defendant is to be released is to be made by the District Court. Fed. R. App. P. 9(b), Adv. Committee Notes; see also

United States v. Miller, 753 F.2d 19, 24 (3d Cir. 1985) (observing that the district court is in a better position to evaluate whether an issue is substantial).

5